1   SEYFARTH SHAW LLP
    Kenwood C. Youmans (SBN 68258)
2    E-mail: kyoumans@seyfarth.com
    David D. Kadue (SBN 113578)
3    E-mail: dkadue@seyfarth.com
    2029 Century Park East, Suite 3500
4   Los Angeles, California 90067-3021
    Telephone: (310) 277-7200
5   Facsimile: (310) 201-5219

6   SEYFARTH SHAW LLP
    Emily Schroeder (SBN 274257)
7    E-mail: eschroeder@seyfarth.com
    333 South Hope Street, Suite 3900
8   Los Angeles, California 90071-1408
    Telephone: (213) 270-9600
9   Facsimile: (213) 270-9601

10  Attorneys for Defendant
    COSTCO WHOLESALE CORPORATION

11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14  LORETTA APODACA, individually and )   Case No. **CV12-5664-DSF**
    on behalf of all others similarly situated, )                      **(Ex)**
15                                             )
                Plaintiffs,              )   **NOTICE OF REMOVAL BY**
16                                             )   **DEFENDANT COSTCO**
          v.                            )   **WHOLESALE CORPORATION**
17                                             )
    COSTCO WHOLESALE              )   **[28 U.S.C. §§1332(d) AND 1441]**
18  CORPORATION and DOE 1 through )
    and including DOE 100,             )   [Los Angeles Superior Court Case No.
19                                             )   BC 484909]
                Defendants.             )
20                                             )   Complaint Filed: May 17, 2012
                                          )
21                                             )
                                          )
22                                             )

23

24

25

26

27

28

                              1

1   TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF

2   CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

3       PLEASE TAKE NOTICE that Defendant, Costco Wholesale Corporation, hereby

4   removes the above-referenced action from the Superior Court of the State of California

5   for the County of Los Angeles, to the United States District Court for the Central

6   District of California, pursuant to 28 U.S.C. §1441, asserting original federal

7   jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C.

8   §1332(d)(2).  Removal is proper for the following reasons.

## BACKGROUND

10      1.     On May 17, 2012, the Plaintiff, Loretta Apodaca, brought a case in the Los

11   Angeles Superior Court for the County of Los Angeles, entitled *Loretta Apodaca v.*

12   *Costco Wholesale Corporation*, Case No. BC 484909.  The Complaint is copied as

13   **Exhibit A**.  This case is a purported class action under the California Code of Civil

14   Procedure, Section 382.  Ex. A, Complaint, ¶ 2.

15      2.     Plaintiff purports to allege, on behalf of herself and a class of similarly

16   situated employees, that Costco "employed Plaintiff and the putative class members, but

17   failed to provide them with detachable, hard copy wage statements or other of the data

18   required by section 226(a) of the California Labor Code."  Ex. A, Complaint ¶¶ 8, 20,

19   21.  Plaintiff seeks "costs and reasonable attorneys' fees in accordance with the

20   provisions of California Labor Code 226(e)."  Ex. A, Complaint, Prayer for Relief ¶ 2.

## TIMELINESS OF REMOVAL

22      3.     Costco acknowledged receipt of service by mail of the Summons and

23   Complaint on June 8, 2012.  The acknowledgment is copied within **Exhibit B**.

24      4.     A notice of removal is timely when filed within thirty (30) days of service

25   of a complaint revealing the case was properly removable.  28 U.S.C. §1446(b).

26   *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S. Ct. 1322,

27   143 L. Ed. 2d 448 (1999).  This notice is filed within thirty days of service.  See Fed. R.

28   Civ. P. 6(a).

## JURISDICTION

### Diversity Jurisdiction—Class Action Fairness Act

5.      This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. §1332(d)(2).  As set forth below, this action is properly removable, pursuant to 28 U.S.C. §1441(a).  The district court has original jurisdiction over this action because it is a purported class action with an amount in controversy exceeding $5,000,000, exclusive of interest and costs, because the action is a class action in which at least one class member is a citizen of a state different from that of Costco, see 28 U.S.C. §§1332(d)(2) & (d)(6), and because the putative class is "believed to be in excess of 5000 persons." (Ex. A, Complaint ¶ 11), see 28 U.S.C. §1332(d)(5)(B).

### Diverse Citizenship of the Parties

6.      **Plaintiff's Citizenship.**  Plaintiff is a citizen of California.  She is a resident of the State of California.  Ex. A, Complaint ¶ 4.  For diversity purposes, a person is a "citizen" of the state in which he is domiciled.  *Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir. 1994).

7.      **Costco's Citizenship.**  Pursuant to 28 U.S.C. Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  Costco is now, and since this action commenced has been, incorporated under the laws of the State of Washington, with its principal place of business in Washington.    Costco's principal place of business is Issaquah, Washington under the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  As Issaquah, Washington is the site of Costco's corporate headquarters and executive offices, Costco's "nerve center" is in Washington.  Costco has been at all relevant times a citizen of the State of Washington. Costco is not now, and was not at the time of the filing of the Complaint, a citizen of the state of California.

8. **Doe Defendants**. Pursuant to 28 U.S.C. §1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. §1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants need not join a removal petition). Thus, the existence of Doe defendants 1 through 100, does not deprive this Court of jurisdiction.

## Amount in Controversy

9. Although Plaintiff has not alleged the amount of recovery she seeks for herself or the putative class, Costco sets forth below facts to show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.[1]

10. The claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000. 28 U.S.C. §1332(d)(6). Federal jurisdiction under CAFA exists "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. REP. 109-14, at 49. Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. REP. 109-14 at 49 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

---

[1] The amount in controversy, of course, a function of the plaintiff's claims, not their merit.

11.    An action may be removed if the defendant establishes, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696 (9th Cir. 2007).  A defendant may meet its burden by providing evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount. *Id.* at 699.

12.    In determining the amount in controversy, the Court must consider the recovery sought, including penalties, as well as recoverable statutory attorney fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law).

13.    **Violation of California Labor Code § 226.**  Plaintiff sues under California Labor Code § 226. Ex. A, Complaint ¶¶ 8, 9.  Plaintiff seeks "costs and reasonable attorneys' fees in accordance with the provisions of California Labor Code section 226(e)." Ex. A, Complaint, Prayer for Relief ¶ 2.

14.    Plaintiff has filed a purported class action seeking to represent "all employees tendered a paycheck by or on behalf of Costco in the State of California during the period from one year prior to the filing of this Complaint to the date of the filing of the motion for class certification." Ex. A, Complaint ¶ 10.

15.    California Labor Code § 226(e) provides for penalties of $50 for an initial violation in a pay period and $100 per pay period for each later violation.  Plaintiff alleges unlawful errors in the format of her wage statements.  Costco issues employee wage statements in a standard format.  As such, each putative class member allegedly suffered a California Labor Code § 226(a) violation in each pay period during the relevant period.  Costco has twenty-six (26) pay periods per year.  Thus, during the initially applicable alleged class period ("from one year prior to the filing of this Complaint"), from May 17, 2011 through May 17, 2012, there were 26 pay periods.

Based on Plaintiff's allegation of at least 5,000 members of the putative class, the amount in controversy during the relevant period would be **$12,750,000**, calculated as follows. Consider an alleged initial violation involving 5,000 Costco employees. The initial California Labor Code §226(e) penalty would be $50 * 5,000 = **$250,000**. Now consider the later alleged violations within the first year of liability. The PAGA penalty for these later violations would be $100 * 5,000 * 25 = **$12,500,000**. Therefore, the total penalty for the initial one year of liability would be **$12,750,000**.

16.   **Attorneys' Fees.** Although the foregoing alone establishes that the amount in controversy exceeds $5 million, attorney's fees are also recoverable for Plaintiff's claims, and thus must also be considered in ascertaining the amount in controversy. See *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory). Fees could be as much as thirty percent of the judgment. See *In re Rite Aid Corp. Securities Litigation*, 396 F.3d 294, 303 (3d Cir. 2005) (noting finding by Federal Judicial Center of recovery ranging from 27 percent to 30 percent for class actions resolved or settled over a four-year period). Here, if one conservatively multiplies Plaintiff's penalty claim by 0.20, the result would be $12,750,000 * 0.20 = **$2,550,000**.

17.   Because diversity of citizenship exists (the Plaintiff being a citizen of the State of California and the Defendant being a citizen of the State of Washington), because the number of putative class members exceeds 100, and because the amount in controversy exceeds $5,000,000 ($12,750,000 + $2,550,000 = **$15,230,000**), this Court has original jurisdiction of the action pursuant to 28 U.S.C. §1332(d)(2). This action is therefore proper for removal to this Court.

**VENUE**

18.   Venue lies in the Central District of this Court pursuant to 28 U.S.C. §§1441 and 1446(a). This action is being removed from the Superior Court of the State

1  of California, County of Los Angeles.  Defendant believes that this action should be
2  removed to the United States District Court for the Central District of California.

3  <center>**SERVICE OF NOTICE OF REMOVAL AND EXHIBITS**</center>

4      19.    This Notice of Removal will be promptly served on Plaintiff and filed with
5  the Clerk of the Superior Court of the State of California in and for the County of Los
6  Angeles.

7      20.    In compliance with 28 U.S.C. §1446(a), true and correct copies of all
8  "process, pleadings, and orders served" upon or by Defendant in the action are attached
9  hereto as Exhibits A-B.

10      WHEREFORE, Costco requests that the above action pending before the
11  Superior Court of the State of California for the County of Los Angeles be removed to
12  the United States District Court for the Central District of California.

14  DATED: June 29, 2012            SEYFARTH SHAW LLP

16             By _Emily E. Schroeder_____
17                 David D. Kadue
               Emily E. Schroeder
18             Attorneys for Defendant
           COSTCO WHOLESALE CORPORATION

# EXHIBIT "A"

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COSTCO WHOLESALE and Doe One through and including Doe
One-Hundred

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LORETTA APODACA, individually and on behalf of all others
similarly situated

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 17 2012

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
ALEJ LaFLEUR-CLAYTON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):* **BC484909**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sachin R. Mehta, Jessica D. Lew, 3400 Airport Ave., Ste. 20, Santa Monica, CA 90405, (310) 390-1200

DATE:
*(Fecha)* JOHN A. CLARKE, CLERK Clerk, *(Secretario)* AMBER LaFLEUR-CLAYTON , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

MAY 17 2012

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Sachin R. Mehta (SBN 223572)<br>Jessica D. Lew (SBN 225459)<br>MEHTALEGAL<br>3400 Airport Avenue, Suite 20, Santa Monica, CA 90405<br>TELEPHONE NO.: (310) 390-1200   FAX NO.: (310) 390-1300<br>ATTORNEY FOR *(Name):* Plaintiff | **FOR COURT USE ONLY**<br>**CONFORMED COPY<br>OF ORIGINAL FILED**<br>Los Angeles Superior Court<br>MAY 17 2012<br>John A. Clarke, Executive Officer/Clerk<br>By _____ , Deputy<br>A.E. LaFLEUR-CLAYTON |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Apodaca v. Costco Wholesale

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | BC484909 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*  One
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 17, 2012

Jessica D. Lew
_____
(TYPE OR PRINT NAME)                        ▶      Jessica Lew
                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice—Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: | CASE NUMBER | B C 4 8 4 9 0 9 |
| --- | --- | --- |

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES    CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5   ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above. |
| --- | --- | --- | --- |
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: | | CASE NUMBER | |
|---|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3., 10. |
| | | ☐ A6109  Labor Commissioner Appeals | |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

05/17/2012  12:28  13183361300  MEHTALEGAL  PAGE  07/36

| SHORT TITLE: | CASE NUMBER |
| --- | --- |
| | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>12424 Hoxie Avenue |
|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| Norwalk | CA | 90650 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: May 17, 2012

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

1  Sachin R. Mehta, Esq. (SBN 223572)
   Jessica D. Lew, Esq. (SBN 225459)
2  **MEHTALEGAL**
   3400 Airport Avenue, Suite 20
3  Santa Monica, CA 90405
   Telephone: (310) 390-1200
4  Facsimile: (310) 390-1300
   sachin@mehtalegal.com
5  jessica@mehtalegal.com
   Attorneys for Plaintiff
6
7
8

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 17 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A.E/ LaFLEUR-CLAYTON

9          **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

10              **FOR THE COUNTY OF LOS ANGELES**

11                      **CENTRAL DISTRICT**

12

13  LORETTA APODACA,
    individually and on behalf of all
14  others similarly situated,

15                    Plaintiffs

16          v.

17  COSTCO WHOLESALE and Doe
    One through and including Doe
18  One-Hundred,
                      Defendants.
19

Case No:    **BC484909**

Unlimited Civil Case

**COMPLAINT**
[*Class-Action*]

1. Failure to Provide Information on Pay
Stubs, Cal. Lab. Code § 226

**DEMAND FOR JURY TRIAL**

20
21
22
23
24
25
26
27
28

COMES NOW Plaintiff, and for her causes of action against Defendant, alleges as follows:

## JURISDICTION AND VENUE

1.     This is a civil action seeking injunctive relief, damages, attorneys' fees, costs, and such other relief as may be appropriate in the circumstances.

2.     Pursuant to California Code of Civil Procedure section 382, Plaintiff brings this case individually and as a class action.

3.     Venue as to Defendant is proper in this judicial district, pursuant to California Business & Professions Code section 17203 and California Code of Civil Procedure sections 395(a) and 395.5.  Defendant maintains an office, transacts business, has an agent, or is found in the County of Los Angeles and is within the jurisdiction of this Court for purposes of service of process.  The unlawful acts alleged herein had a direct effect on and were committed within the State of California.

## PARTIES

4.     Plaintiff Loretta Apodaka ("Apodaka") is an individual, who, during the time periods relevant to this Complaint, was and is a resident of the State of California.

5.     Defendant Costco Wholesale Corporation ("Defendant" or "Costco") was and is a Washington Corporation, which at all times relevant herein, conducted business within the County of Los Angeles, State of California.

6.     Defendants Doe One through and including Doe One Hundred are sued herein under the provisions of section 474 of the California Code of Civil Procedure. Plaintiff is unaware of the true names, identities or capacities, whether corporate, individual or otherwise, of said fictitiously name defendants, but leave of Court will be prayed to amend this pleading to insert the same herein when finally ascertained. Plaintiff is informed, believes and thereupon alleges that each of the fictitiously named defendants is an entity, which during the relevant time period maintained a place of business in the County of Los Angeles, State of California.

<div align="center">

2

COMPLAINT

</div>

## GENERAL ALLEGATIONS

7.     Defendant employed Apodaka for many years, since 2004, and continues to employ her.

8.     At all relevant times mentioned herein, section 226 of the California Labor Code provided:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the

1  place of employment or at a central location within the State of California.

2  . . . .

3  (e) An employee suffering injury as a result of a knowing and intentional

4  failure by an employer to comply with subdivision (a) is entitled to recover

5  the greater of all actual damages or fifty dollars ($50) for the initial pay

6  period in which a violation occurs and one hundred dollars ($100) per

7  employee for each violation in a subsequent pay period, not exceeding an

8  aggregate penalty of four thousand dollars ($4,000), and is entitled to an

9  award of costs and reasonable attorney's fees.

10  . . . .

11  (g) An employee may also bring an action for injunctive relief to ensure

12  compliance with this section, and is entitled to an award of costs and

13  reasonable attorney's fees.

14  Cal. Lab. Code § 226. Defendant employed Plaintiff and putative class members, but

15  failed to provide them with detachable, hard copy wage statements or other of the data

16  required by section 226(a) of the California Labor Code. Costco violated that part of the

17  statute that requires employees to be provided with a "detachable part of the check, draft,

18  or voucher paying the employee's wages." Further, Defendant failed to provide

19  information concerning "all applicable hourly rates in effect during the pay period and

20  the corresponding number of hours worked at each hourly rate by the employee." Exhibit

21  1 is a sample of the "electronic wage statement" that is available to employees who have

22  access to a computer. All of the foregoing was intentional misconduct of Defendant that

23  injured Plaintiff and putative class members insofar as they were subjected to confusion

24  and deprived of information to which they were legally entitled.

25  9.  The wage statements violate section 226(a)(9) of the California Labor Code

26  insofar as they fail to specify "all applicable hourly rates in effect during the pay period

27  and the corresponding number of hours worked at each hourly rate by the employee."

28  The wage statements frequently fail to advise regarding the total hours worked, all in

1  violation of section 226(a)(2) of the California Labor Code. The wage statement injured

2  Plaintiff and others who received only such electronic wage statements insofar as the

3  failure to specify the required data is inherently confusing and issued in derogation of the

4  rights of the employee. Further Plaintiff and others who work for Costco are required to

5  waste time and money to recover these data electronically instead of the information

6  being provided as part of the detachable wage statement.

7  **CLASS-ACTION ALLEGATIONS**

8      10.   The class represented by Plaintiff consists of all employees tendered a

9  paycheck by or on behalf of Costco in the State of California during the period from one

10  year prior to the filing of this Complaint to the date of the filing of the motion for class

11  certification ("226 Class").

12      11.   The number of persons within the 226 Class is great, believed to be in excess

13  of 5000 persons. It is, therefore, impractical to join each member of the Class as a named

14  plaintiff. Accordingly, utilization of a class action is the most economically feasible

15  means of determining the merits of this litigation.

16      12.   Plaintiff contends that the failure of Defendant Costco to issue fully

17  compliant wage statements to its employees has been and is "knowing and intentional"

18  within the meaning of such words as used in section 226 of the California Labor Code

19  and that, accordingly, each member of the 226 Class is entitled to payment from

20  Defendant of the liquidated damages for which provision is made in section 226.

21      13.   Despite the numerosity of the members of the Class, membership within the

22  Classes is readily ascertainable through an examination of the records which Defendant is

23  required by law to keep and which it has kept. Likewise, the dollar amounts owed to

24  Plaintiff and to each putative member of each Class is readily ascertainable by an

25  examination of the same records.

26      14.   The Class is proper insofar as common questions of fact and of law

27  predominate over individual issues regarding the money owed to each class member.

28      15.   There is a well-defined community of interest in the questions of law and

1  fact common to the 226 Class.  The key questions are the same for each 226 Class

2  member: (a) Was such 226 Class member an employee of Defendant Costco?  (b) Has

3  Defendant Costco violated the mandatory requirements of section 226 of the California

4  Labor Code? (c) Were Defendant Costco's actions with respect to section 226 of the

5  California Labor Code willful, knowing, and intentional?

6      16.  Plaintiff's claims are typical of the claims of the members of the Class,

7  which all arise out of the same general operative facts, i.e., Defendant Costco failed to

8  provide 226 Class members with the information legally mandated by section 226(a) of

9  the California Labor Code.  Plaintiff has no conflict of interest with the other members of

10  the Class and is able to fairly and adequately represent the interests of the Class.

11      17.  A class action is a far superior method for the fair and efficient adjudication

12  of this controversy for a number of reasons.  First, the persons within the Class are

13  numerous and joinder of all of them is impractical.  Second, the disposition of all claims

14  of the members of the Class in a class action rather than in individual actions will benefit

15  both the parties and the court.  In that regard, the claims of each individual member of the

16  Class are too small to litigate individually and the commencement of sixty or more

17  separate actions in this Court would lead to an undue burden on scarce judicial resources.

18  Further, the alternative of individual proceedings before the Labor Commissioner is

19  impractical inasmuch as that agency has insufficient resources to promptly process such

20  claims and, under the provisions of Labor Code section 98.2, if the individual class

21  members were to succeed in obtaining awards in their favor, such awards may be

22  appealed as a matter of right for a *de novo* trial in Superior Court, leading to a

23  multiplicity of such trials in that court.  Further, absent class treatment, employees will

24  most likely be unable to secure redress given the time and expense necessary to pursue

25  individual claims and individual class members will likely be unable to retain counsel

26  willing to prosecute their claims on an individual basis given the small amount of

27  recovery available to each individual class member. As a practical matter, denial of class

28  treatment will lead to denial of recovery to the individual members of the Class.

18.    The interest of each member of the Class in controlling the prosecution of his or her individual claim against Defendant Costco is small when compared with the efficiency of a class action.

### FIRST CAUSE OF ACTION

(Failure to Provide Information on Pay Stubs, California Labor Code § 226

On Behalf of Plaintiff and the 226 Class Against Defendant Costco)

19.    Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

20.    Defendant Costco failed to timely provide Plaintiff and the other members of the 226 Class with pay stubs conforming to the requirements of section 226 of the California Labor Code.

21.    No detachable pay stubs and/or itemized wage statements were furnished by Defendant Costco with its paychecks for Plaintiff and 226 Class members, all in violation of section 226(a) of the California Labor Code as recited above.

22.    Accordingly, Plaintiff is entitled to damages in an amount according to proof and costs and reasonable attorney's fees in accordance with the provisions of California Labor Code section 226(e). Putative Class members are entitled to damages in an amount according to proof ,and costs and reasonable attorney's fees in accordance with the provisions of California Labor Code section 226 (e), as well as injunctive relief.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays judgment as follows:

1.    That this Court certify the proposed 226 Class.

2.    That, under the First Cause of Action, the Court enter judgment in favor of Plaintiff and the 226 Class members and against Defendant Costco, and enjoin Defendant from such misconduct in the future, requiring it to forthwith provide compliant wage statements to its employees.  That judgment be entered in favor of Plaintiff according to proof, and costs and reasonable attorneys' fees in accordance with the provisions of California Labor Code section 226(e).  That judgment be entered in favor of putative 226

1 Class members in an amount according to proof, with costs and reasonable attorneys'

2 fees in accordance with the provisions of California Labor Code section 226(e).

3     3.    For such other and further relief as this Court may deem fit and proper.

4 Plaintiff demands trial by jury as to all causes of action.

5

6 DATED: May 17, 2012                 MEHTALEGAL

7

8

9                                      Sachin R. Mehta
                                     Jessica D. Lew

10                                      *Attorneys for Plaintiff*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

Paperless Pay - PayStubs

Paperless Pay | My Other Sites    My Other Solutions                Help Screen                LORETTA APODACA | My Account | Log Out

Alerts and Settings | Help | **May 01, 2012**
**English** Español Français

# COSTCO WHOLESALE

Main Menu        PayStubs        Timecards    More

## PayStubs

Pay History    PayStub Details    PayStub Comparison

Print

**Pay Date:** 04/01/2011 - Bi-weekly                        Print PayStub →

Costco Wholesale Corporation
999 LAKE DRIVE
ISSAQUAH, WA 98027-8990
(425)313-8100

LORETTA APODACA
_____
_____, CA 9____

| | |
|---|---|
| Employee Number | 414188 |
| Loc/Dept. | 00419 082 |
| Job Title | MGR-BAKERY - NON-EXEMPT |

| | |
|---|---|
| Period Begin Date | 03/14/2011 |
| Period End Date | 03/27/2011 |
| Pay Advice # | 27814942 |
| Pay Frequency | Bi-weekly |

Expand All    Collapse All

| Taxes | State Codes | Marital Status | Allowances | Additional $ Amounts | Local Codes |
|---|---|---|---|---|---|
| Federal | | Married | 2 | 25.00 | Loc 1: |
| Primary State | CA | Married | 3 | 25.00 | Loc 2: |
| Secondary State | | | 0 | | Loc 3: |
| Local | | | 0 | | Loc 4: |

**Messages**
Pre-tax deductions are now listed separately from after-tax. Beginning with the July 22nd payrun, pre-tax deductions will be in a new section and the "Summary" table will have a new column entitled "Taxable Wages." Paystubs prior to July 22nd will NOT have these enhancements, meaning all deductions will will be combined in the "After-Tax Deductions" section.

| Earnings | Hours | Hours YTD | Dollars | Dollars YTD |
|---|---|---|---|---|
| REGULAR PAY | 64.00 | 461.07 | $1,777.32 | $12,805.63 |
| OVERTIME | 20.85 | 101.78 | $860.28 | $4,238.84 |
| FLOATING HOLIDAY - SALARIED EMPLOYEE | 8.00 | 32.00 | $222.19 | $888.76 |
| VACATION PAY/NON-EXEMPT SALARIED VACATION OR FLOAT OVERTIME | 1.00 | 46.00 | $41.66 | $1,222.04 |
| HOLIDAY PAY - OBSERVED | | 24.00 | $0.00 | $666.57 |
| DOUBLETIME | | 0.13 | $0.00 | $7.22 |
| **Total Earnings :** | **93.85** | **665.99** | **$2,901.68** | **$19,827.06** |
| **Pre-Tax Deductions** | | | **Dollars** | **Dollars YTD** |
| Total Pre-Tax Deductions: | | | $0.00 | $0.00 |
| **Taxes** | | | **Dollars** | **Dollars YTD** |
| MEDICARE - EMPLOYEE | | | $40.85 | $279.13 |
| FICA - EMPLOYEE | | | $118.34 | $806.53 |
| STATE WITHHOLDING | | | $33.91 | $530.57 |
| STATE DISABILITY | | | $33.68 | $220.10 |
| FEDERAL WITHHOLDING | | | $273.22 | $1,843.06 |
| **Total Taxes :** | | | **$552.00** | **$3,763.51** |
| **After-Tax Deductions** | | | **Dollars** | **Dollars YTD** |
| 401E | | | $203.12 | $1,274.10 |
| 8542 | | | $20.00 | $137.00 |
| 8550 | | | $75.00 | $515.00 |
| EMPLOYEE FUND | | | $3.00 | $21.00 |
| **Total After-Tax Deductions:** | | | **$301.42** | **$1,947.10** |
| **Net Pay** | | | **Dollars** | **Dollars YTD** |
| **Total Net Pay :** | | | **$2,048.63** | **$14,117.65** |

| Other Benefits & Information | | | Dollars | Dollars YTD |
|---|---|---|---|---|
| TAXLIFE | | | 10.80 | 76.60 |

Leave Balance Summary

| Vac/Sick/Goal Hours | Beginning Balance | Current Pay Period Activity | Ending Balance |
|---|---|---|---|
| FLOATING | 24.00 | 8.00 | 16.00 |
| VACATION | 180.00 | 0.00 | 180.00 |

5/1/2012 12:05 AI

Paperless Pay - PayStubs

https://paperlesspay.talx.com/PayStub/PayStub.asp

| Summary | Earnings | Less Taxes | Less Deds | Equals Net Pay |
|---|---|---|---|---|
| This Period | $2,901.85 | $352.00 | $301.12 | $2,048.53 |
| YTD | $19,827.06 | $3,762.31 | $1,947.10 | $14,117.65 |

**Pay Distribution List**

| Description | Type | Amount | Account # | Bank |
|---|---|---|---|---|
| Account <...7042> | Checking or Money Market | $2,048.53 | <...7042> | U.S. Bank National Association |

(Next Pay Stub >)

Copyright © 2010 TALX Corporation. All rights reserved.

Page 5 of 640

Privacy Policy | Terms and Conditions

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

**B C 4 8 4 9 0 9**

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | | Hon. John L. Segal | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Abraham Khan | 51 | 511 | |
|  | 19 | 311 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon Michael P. Linfield | 10 | 315 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Fredrick C. Shaller | 46 | 601 | |
| Hon. Charles F. Palmer | 33 | 409 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Amy D. Hogue | 34 | 408 | | Hon. Ramona See | 69 | 621 | |
| Hon. Daniel Buckley | 35 | 411 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. William F. Fahey | 78 | 730 | |
|  | 39 | 415 | | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | **Hon. Elihu M. Berle*** | **323** | **CCW** | |
| Hon. Ronald M. Sohigian | 41 | 417 | | other | | | |

**\*Class Actions**

All class actions are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk

                                                                    By _____, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev.12-09)
LASC Approved 05-09

Page 1 of 2

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

**Information About Alternative Dispute Resolution:**

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

**Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:**

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccr4peace.org

Inland Valleys Justice Center (909) 621-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7658 (323) 930-1841 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

---

*These programs do not offer legal advice or help you respond to a summons,
but they can assist in resolving your problem through mediation.*

**Dispute Resolution Programs Act
Contracts Administration Office: (213) 738-2621**

---

LAADR 007 (Rev. 04/10)
LASC Approved 07-04

**INFORMATION ABOUT
ALTERNATIVE DISPUTE RESOLUTION**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process (describe): _____

Dated: _____

| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

## STIPULATION TO PARTICIPATE IN
## ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 3.221
Page 1 of 2

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

05/17/2012  12:20    13103501300              MEHTALEGAL                                    PAGE  25/36

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):     FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| LACIV 229 (new) | | |
|---|---|---|
| LASC Approved 04/11 | **STIPULATION – EARLY ORGANIZATIONAL MEETING** | Page 1 of 2 |

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____ )

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____ )

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____ )

LACIV 229 (new)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION -- DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11          **STIPULATION -- DISCOVERY RESOLUTION**          Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

LACIV 036 (new)
LASC Approved 04/11

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

### The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

LACIV 075 (new)
LASC Approved 04/11

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 2 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court.  ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR.  All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are often relaxed.  Arbitration may be either "binding" or "nonbinding."  *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final.  *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Cases for Which Arbitration May Be Appropriate
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial.  It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

### Cases for Which Arbitration May Not Be Appropriate
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate.  In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law.  Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute.  The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves.  Mediation leaves control of the outcome with the parties.

### Cases for Which Mediation May Be Appropriate
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners.  Mediation is also effective when emotions are getting in the way of resolution.  An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

### Cases for Which Mediation May Not Be Appropriate
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise.  Mediation also may not be effective if one of the parties has a significant advantage in power over the other.  Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator."  The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved.  The evaluator is often an expert in the subject matter of the dispute.  Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

### Cases for Which Neutral Evaluation May Be Appropriate
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

### Cases for Which Neutral Evaluation May Not Be Appropriate
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary.  In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute.  The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  Settlement conferences are appropriate in any case where settlement is an option.  Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221
Page 1 of 2

# COURT ADR PROGRAMS

CIVIL:

- Arbitration (non-binding) (Code Civ. Proc. §§ 1141.10-1141.31, Cal. Rules of Court, rules 3.810-3.830, and Local Rules, rule 3.252 et seq.)
- Mediation (Code Civ. Proc. §§ 1775-1775.15, Cal. Rules of Court, rules 3.850-3.860, 3.865-3.872 and 3.890-3.898, Evid. Code §§ 1115-1128, and Local Rules, rule 3.252 et seq.)
    - o Civil Harassment Mediation
    - o Eminent Domain Mediation (Code Civ. Proc. §1250.420)
    - o Small Claims Mediation
- Neutral Evaluation (Local Rules, rule 3.252 et seq.)
- Settlement Conference
    - o Voluntary Settlement Conference (Local Rules, rule 3.252 et seq.)
    - o Retired Judge Settlement Conference

FAMILY (non-custody):

- Arbitration (non-binding) (Fam. Code § 2554 and Local Rules, rule 5.18)
- Mediation (Local Rules, rule 5.18)
- Settlement Conference
    - o Forensic Certified Public Accountant (CPA)
    - o Spanish Speaking Settlement Conference

PROBATE:

- Mediation
- Settlement Conference

## NEUTRAL SELECTION

Parties may select an arbitrator, mediator, or evaluator from the Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Panel, the ADR staff will assign on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

**Party Select Panel** — The Party Select Panel consists of arbitrators, mediators, and evaluators who have achieved a specified level of experience in court-annexed cases. The parties (collectively) are charged $150.00 per hour for the first three hours of hearing time. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral.

**Random Select Panel** — The Random Select Panel consists of trained arbitrators, mediators, evaluators, and settlement officers who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that Random Select Panel neutrals provide three hours hearing time per case on a pro bono basis. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral.

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | 1st Fl. | Lancaster, CA 93534 | 661-974-7275 | 661-945-8173 | AntelopeADR@lasuperiorcourt.org |
| Chatsworth | 9425 Penfield Ave. | 3100 | Chatsworth, CA 91311 | 818-576-8566 | 818-576-8733 | ChatsworthADR@lasuperiorcourt.org |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | 310-603-3072 | 310-223-0337 | ComptonADR@lasuperiorcourt.org |
| Glendale | 600 E. Broadway | 275 | Glendale, CA 91206 | 818-500-3160 | 818-548-5470 | GlendaleADR@lasuperiorcourt.org |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | 562-491-6272 | 562-437-3802 | LongBeachADR@lasuperiorcourt.org |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | 562-807-7243 | 562-462-9019 | NorwalkADR@lasuperiorcourt.org |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | 626-356-5685 | 626-666-1774 | PasadenaADR@lasuperiorcourt.org |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | 909-620-3183 | 909-629-6283 | PomonaADR@lasuperiorcourt.org |
| San Pedro | 505 S. Centre St. | 209 | San Pedro, CA 90731 | 310-519-6151 | 310-514-0314 | SanPedroADR@lasuperiorcourt.org |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | 310-260-1829 | 310-319-6130 | SantaMonicaADR@lasuperiorcourt.org |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | 213-974-5425 | 213-633-5115 | CentralADR@lasuperiorcourt.org |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | 310-222-1701 | 310-782-7326 | TorranceADR@lasuperiorcourt.org |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | 818-374-2337 | 818-902-2440 | VanNuysADR@lasuperiorcourt.org |

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221
Page 2 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK                    ALTERNATIVE DISPUTE RESOLUTION (ADR) DEPARTMENT

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act (DRPA) to provide information about the availability of local dispute resolution programs funded under DRPA. For more information regarding these programs, contact the Los Angeles County Department of Community and Senior Services Contracts Administration Office at 213-738-2621. The following is a list of the local dispute resolution programs funded in Los Angeles County.

Superior Court of California, County of Los Angeles, ADR Office 213-974-5425
www.lasuperiorcourt.org/ADR

---

### STAFF AND VOLUNTEERS OF THE FOLLOWING AGENCIES ARE NOT EMPLOYEES OF THE SUPERIOR COURT:

Asian-Pacific American Dispute Resolution Center 213-250-8190 www.apadrc.org

California Academy of Mediation Professionals 818-377-7250 www.campmediation.org

California Lawyers for the Arts, Arbitration, and Mediation Service 310-998-5590
www.calawyersforthearts.org

Center for Civic Mediation 877-473-7658 213-896-6533 www.centerforcivicmediation.org

Center for Conflict Resolution 818-705-1090 www.ccr4peace.org

Centinela Youth Services, City of Hawthorne 310-970-7702 www.cys.la.org

Inland Valleys Justice Center 877-832-9325 www.ivjc.org

Korean American Coalition 4.29 Dispute Resolution Center 213-365-5999 www.kacla.org

Los Angeles County Department of Consumer Affairs, Dispute Settlement Services 213-974-0825
www.dca.lacounty.gov

Loyola Law School, The Center for Conflict Resolution 213-736-1145 www.lls.edu/ccr

Norwalk Dispute Resolution Program 562-929-5603 www.ci.norwalk.ca.us/socialservices2.asp

Office of the Los Angeles City Attorney, Dispute Resolution Program 213-485-8324
www.atty.lacity.org/mediate

---

### THE PROGRAMS LISTED ABOVE DO NOT OFFER LEGAL ADVICE OR HELP YOU RESPOND TO A SUMMONS; HOWEVER, THEY MAY ASSIST IN RESOLVING YOUR PROBLEM THROUGH MEDIATION.

---

| NAME, ADDRESS, TELEPHONE, FAX, and E-MAIL: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties in the above-titled action stipulate to participate in the Alternative Dispute Resolution (ADR) process checked below:

☐ Mediation      ☐ Neutral Evaluation

☐ Arbitration (non-binding)      ☐ Settlement Conference

☐ Arbitration (binding)      ☐ Other ADR Process (describe): _____

| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|---|
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Number of additional pages attached to this document: _____

LAADR 001 (Rev. 04-12)
LASC Approved 10-04
For Optional Use

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 1

# EXHIBIT "B"

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jessica D. Lew, Esq.                                      225459 | |
| MEHTALEGAL | |
| 3400 Airport Ave., #20 | |
| Santa Monica, CA 90405 | |
| TELEPHONE NO: 310-390-1200      FAX NO. *(Optional):* 310-390-1300 | |
| E-MAIL ADDRESS *(Optional):* jessica@mehtalegal.com | |
| ATTORNEY FOR *(Name):* Plaintiff Apodaca | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Loretta Apodaca

DEFENDANT/RESPONDENT: Costco Wholesale

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: BC 484909 |
|---|---|

TO *(insert name of party being served):* Costco Wholesale

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: May 18, 2012

Jessica D. Lew
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*

   Civil Case Cover Sheet; ADR packet

*(To be completed by recipient):*

Date this form is signed: June 8, 2012

David Kedue G. Costco Wholesale
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

| Form Adopted for Mandatory Use | | Page 1 of 1 |
|---|---|---|
| Judicial Council of California | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure, |
| POS-015 [Rev. January 1, 2005] | | §§ 415.30, 417.10 |
| | | www.courtinfo.ca.gov |

1 Sachin R. Mehta, Esq. (SBN 223572)
  Jessica D. Lew, Esq. (SBN 225459)
2 MEHTALEGAL
  3400 Airport Ave., Suite 20
3 Santa Monica, CA 90405
  Tel: 310-390-1200
4 Fax: 310-390-1300
  E-mail: sachin@mehtalegal.com
5         jessica@mehtalegal.com
  Attorneys for Plaintiff

6

7

8

9                 SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10                     FOR THE COUNTY OF LOS ANGELES

11                            CENTRAL DISTRICT

12

13 LORETTA APODACA,                         Case No:  BC 484909
   individually and on behalf of all        Assigned for all purposes to:
14 others similarly situated,                Honorable Joanne O'Donnell
                                             Dept. 37
15                    Plaintiffs
                                             **PROOF OF SERVICE**
16       v.

17 COSTCO WHOLESALE and Doe
   One through and including Doe
18 One-Hundred,
                      Defendants.
19

20

21

22

23

24

25

26

27

28

                                    1

RECEIVED
JUN - 7 2012
By

**PROOF OF SERVICE**

*Apodaca v. Costco Wholesale*, LASC Case No. BC 484909

I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 3400 Airport Ave., Suite 20, Santa Monica, CA 90405.

On June 5, 2012, I served the foregoing document(s) described as:

**COURT'S RULING REGARING NON-COMPLEX DETERMINATION**

on the interested parties in this action, at the addresses listed below, as follows:

| | |
|---|---|
| David D. Kadue, Esq.<br>SEYFARTH SHAW LLP<br>2029 Century Park East<br>Suite 3500<br>Los Angeles, CA 90067-3021<br>dkadue@seyfarth.com<br><br>*Counsel for Defendant Costco* | |

(X)   <u>For Collection</u>.  By placing a true copy (copies) thereof enclosed in a sealed envelope(s), addressed as above, and by placing said sealed envelope(s) for collection and mailing on that date following ordinary business practices.  I am "readily familiar" with the business' practice for collection and processing of correspondence for mailing the U.S. Postal Service.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 5, 2012 at Los Angeles, California.

_____
JESSICA D. LEW

2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 05/25/12 | DEPT. 323 |
| HONORABLE ELIHU M. BERLE          JUDGE | S. McKinney          DEPUTY CLERK |
| HONORABLE                    JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE                    Deputy Sheriff | NONE          Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC484909 | Plaintiff Counsel | |
| | LORETTA APODACA | | NO APPEARANCES |
| | VS | Defendant | |
| | COSTCO WHOLESALE | Counsel | |
| | NON-COMPLEX (05-25-12) | | |

**NATURE OF PROCEEDINGS:**

COURT'S RULING REGARDING NON-COMPLEX DETERMINATION

This case is hereby determined to be non-complex
within the meaning of Rule 3.400 of the California
Rules of Court.

The case is ordered reassigned to
Judge Joanne O'Donnell in Department 37
located in the Stanley Mosk Courthouse for all further
proceedings.

The stay is lifted.  Complex fees paid, if any, are
ordered refunded.

Plaintiff is ordered to serve a copy of this minute
order on all parties, forthwith, and to file a proof
of service in Department 37 within five (5) days of
service.

Any party objecting to the non-complex designation
must file an objection with proof of service in
Department 323 within ten (10) days of service of
this minute order. Any response to the objection must
be filed in Department 323 within seven (7) days of
service of the objection. This Court will make its
ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING

Page   1 of  2   DEPT. 323

MINUTES ENTERED
05/25/12
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/25/12

DEPT. 323

HONORABLE ELIHU M. BERLE                JUDGE    S. McKinney        DEPUTY CLERK

HONORABLE                        JUDGE PRO TEM           ELECTRONIC RECORDING MONITOR

NONE                        Deputy Sheriff   NONE               Reporter

8:30 am BC484909

LORETTA APODACA
VS
COSTCO WHOLESALE

Plaintiff
Counsel          NO APPEARANCES

Defendant
Counsel

NON-COMPLEX (05-25-12)

NATURE OF PROCEEDINGS:

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the
Minute order of 05-25-12
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: 05-25-12

John A. Clarke, Executive Officer/Clerk

By: _____K. Bowen_____
              K. Bowen

MEHTALEGAL
Sachin R. Mehta, Esq.
3400 Airport Avenue, Suite 20
Santa Monica, California 90405

Page   2 of  2   DEPT. 323

MINUTES ENTERED
05/25/12
COUNTY CLERK

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUN 20 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
      Mary Flores

1  SEYFARTH SHAW LLP
2  Kenwood C. Youmans (SBN 68258)
     E-mail: kyoumans@seyfarth.com
3  David D. Kadue (SBN 113578)
     E-mail: dkadue@seyfarth.com
4  2029 Century Park East, Suite 3500
   Los Angeles, CA 90067-3021
5  Telephone:  (310) 277-7200
   Facsimile:  (310) 201-5219
6
7  SEYFARTH SHAW LLP
   Emily E. Schroeder (SBN 274257)
     E-mail: eschroeder@seyfarth.com
8  333 South Hope Street, Suite 3900
   Los Angeles, California 90071-1408
9  Telephone:  (213) 270-9600
   Facsimile:  (213) 270-9601
10
   Attorneys for Defendant
11 COSTCO WHOLESALE CORPORATION

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13              COUNTY OF LOS ANGELES - CENTRAL DISTRICT

14
15 LORETTA APODACA, individually and on    )   Case No. BC 484909
   behalf of all others similarly situated,        )
16                                                  )   **DEFENDANT COSTCO WHOLESALE**
              Plaintiff,                            )   **CORPORATION'S ANSWER TO**
17                                                  )   **PLAINTIFF'S COMPLAINT FOR**
          v.                                        )   **FAILURE TO PROVIDE**
18                                                  )   **INFORMATION ON PAY STUBS**
   COSTCO WHOLESALE CORPORATION and  )   **(CAL. LAB. CODE § 226)**
19 DOE 1 through and including DOE 100,        )
                                                    )   Complaint Filed:  May 17, 2012
20            Defendants.                           )
                                                    )
21                                                  )

22

23        Defendant Costco Wholesale Corporation ("Defendant") hereby responds to the unverified

24 Complaint filed by Loretta Apodaca ("Plaintiff") as follows:

25                              **GENERAL DENIAL**

26        Pursuant to California Code of Civil Procedure Section 431.30, Defendant generally denies each

27 and every allegation and cause of action contained in Plaintiff's Complaint.  In further answer to the

28

1    Complaint and without limiting the generality of the foregoing, Defendant denies that Plaintiff has been

2    damaged in any amount, or at all, by reason of any act or omission of Defendant.

3                                          **SEPARATE DEFENSES**

4          In further answer to the Complaint, and as separate and distinct affirmative and other defenses,

5    Defendant alleges as follows, without thereby assuming the burden of proof on any defense on which it

6    would not otherwise have the burden of proof by operation of law.

7                                            **FIRST DEFENSE**

8                                   **(Failure To State a Cause of Action)**

9          1.       As to Plaintiff's Complaint, or any purported cause of action therein alleged, Plaintiff

10   fails to state facts sufficient to constitute claims upon which relief, including penalties under California

11   Labor Code § 226(e), can be granted against Defendant.

12                                           **SECOND DEFENSE**

13                                       **(Statute of Limitations)**

14         2.       Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations.

15                                           **THIRD DEFENSE**

16                                             **(Estoppel)**

17         3.       Plaintiff, by her conduct, is estopped from asserting any cause of action against

18   Defendant.

19                                           **FOURTH DEFENSE**

20                                              **(Waiver)**

21         4.       Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by

22   the doctrine of waiver.

23                                            **FIFTH DEFENSE**

24                                              **(Laches)**

25         5.       Plaintiff delayed inexcusably and unreasonably in the filing of this action causing

26   substantial prejudice to Defendant and, thus, Plaintiff's claims are barred by the equitable doctrine of

27   laches.

28

COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF LORETTA APODACA'S COMPLAINT

### SIXTH DEFENSE

#### (Good Faith Compliance )

6.     Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to any penalty award under section 226 of the California Labor Code since, at all times relevant and material herein, Defendant did not knowingly and intentionally fail to comply with this code section, but rather acted in good faith and had reasonable grounds for believing that it did not violate the provisions of the California Labor Code or the applicable wage orders.

### SEVENTH DEFENSE

#### (Excessive Penalties Unconstitutional)

7.     The penalties claimed by Plaintiff in this case are excessive and thus violate Defendant's rights under the state and federal Constitutions.

### EIGHTH DEFENSE

#### (Failure to Mitigate Damages)

8.     Plaintiff has failed to mitigate her damages, if any, as required by law.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1.     That Plaintiff take nothing by her Complaint and the Complaint be dismissed with prejudice;

2.     For costs of suit incurred herein; and

3.     For such other and further relief as this Court deems just and proper.

DATED: June 20, 2012                    SEYFARTH SHAW LLP


                                        By *Emily E Schroeder*
                                           David D. Kadue
                                           Emily E. Schroeder
                                        Attorneys for Defendant
                                        COSTCO WHOLESALE CORPORATION

3

1

**PROOF OF SERVICE**

2   STATE OF CALIFORNIA          )
                                 )   ss
3   COUNTY OF LOS ANGELES        )

4        I am a resident of the State of California, over the age of eighteen years, and not a party
    to the within action. My business address is 333 S. Hope Street, Suite 3900, Los Angeles,
5   California 90071. On June 20, 2012, I served the within documents:

6   **DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF'S**
    **COMPLAINT FOR FAILURE TO PROVIDE INFORMATION ON PAY STUBS**

7

8   ☐  I sent such document from facsimile machine (213) 270-9601 on June 20, 2012. I
       certify that said transmission was completed and that all pages were received and that
9      a report was generated by facsimile machine (213) 270-9601 which confirms said
       transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this
10     action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the
       parties listed below.

11  ☒  by placing the document(s) listed above in a sealed envelope with postage thereon
       fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.
12

13  ☐  by personally delivering the document(s) listed above to the person(s) at the
       address(es) set forth below.

14

15  ☐  by placing the document(s) listed above, together with an unsigned copy of this
       declaration, in a sealed Federal Express envelope with postage paid on account and
       deposited with Federal Express at Los Angeles, California, addressed as set forth
16     below for delivery the next business day.

17  ☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses
       set forth below.
18

19  Sachin R. Mehta, Esq.              Telephone: (310) 390-1200
    Jessica D. Lew, Esq.               Facsimile (310) 390-1300
20  Mehta Legal
    3400 Airport Avenue, Suite 20
21  Santa Monica, California 90405

22        I am readily familiar with the firm's practice of collection and processing correspondence
    for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
23  day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
    motion of the party served, service is presumed invalid if postal cancellation date or postage
24  meter date is more than one day after the date of deposit for mailing in affidavit.

25        I declare under penalty of perjury under the laws of the State of California that the above
    is true and correct.

26
          Executed on June 20, 2012, at Los Angeles, California.
27

28                                        _____
                                                    Sheila Owens

14582743v.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )   ss
COUNTY OF LOS ANGELES        )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 333 S. Hope Street, Suite 3900, Los Angeles, California 90071. On June 29, 2012, I served the within documents:

**NOTICE OF REMOVAL BY DEFENDANT COSTCO WHOLESALE CORPORATION**

☐ I sent such document from facsimile machine (213) 270-9601 on June 20, 2012. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (213) 270-9601 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below for delivery the next business day.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

| | |
|---|---|
| Sachin R. Mehta, Esq.<br>Jessica D. Lew, Esq.<br>Mehta Legal<br>3400 Airport Avenue, Suite 20<br>Santa Monica, California 90405 | Telephone: (310) 390-1200<br>Facsimile (310) 390-1300 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 29, 2012, at Los Angeles, California.

_____
                    Sheila Owens

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV12- 5664 DSF (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| LORETTE APODACA, individually and on behalf of all others similarly situated | COSTCO WHOLESALE CORPORATION and DOE 1 through and including DOE 100 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| MEHTALEGAL<br>Sachin R. Mehta (SBN 223572)<br>Jessica D. Lew (SBN 225459)<br>3400 Airport Avenue, Suite 20<br>Santa Monica, California 90405<br>Tel: (310) 390-1200/Fax: (310) 390-1300 | SEYFARTH SHAW LLP<br>Kenwood C. Youmans (SBN 68258)<br>David D. Kadue (SBN 113578)<br>2029 Century Park East, Suite 3500<br>Los Angeles, California 90067<br>Tel: (310) 277-7200/Fax: (310) 201-5219<br><br>SEYFARTH SHAW LLP<br>Emily E. Schroeder (SBN 274257)<br>333 South Hope Street, Suite 3900<br>Los Angeles, California 90071<br>Tel: (213) 270-9600/Fax: (213) 270-9601 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332. Class Action -- CAFA Removal

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R.& Truck | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities – Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number:    CV12-5664

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

| CV-71 (05/08) | CIVIL COVER SHEET | American LegalNet, Inc.<br>www.FormsWorkflow.com | Page 1 of 2 |

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Plaintiff Loretta Apodaca:  Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Defendant Costco Wholesale Corporation:  Washington | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** *Emily E Schroeder*      Date June 29, 2012
Emily Schroeder, Attorney for Defendant

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com