1  SEYFARTH SHAW LLP
   Kenwood C. Youmans (SBN 68258)
2  kyoumans@seyfarth.com
   David D. Kadue (SBN 113578)
3  dkadue@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California  90067-3021
   Telephone:  (310) 277-7200
5  Facsimile:  (310) 201-5219

6  SEYFARTH SHAW LLP
   Emily E. Schroeder (SBN 274257)
7  eschroeder@seyfarth.com
   333 South Hope Street, Suite 3900
8  Los Angeles, California  90071-1408
   Telephone:  (213) 270-9600
9  Facsimile:  (213) 270-9601

10 Attorneys for Defendant
   COSTCO WHOLESALE CORPORATION

11

12                    UNITED STATES DISTRICT COURT

13                    CENTRAL DISTRICT OF CALIFORNIA

14 LORETTA APODACA, individually and ) Case No. CV12-5664 DSF (Ex)
   on behalf of all others similarly situated, )
15                                            ) **COSTCO WHOLESALE**
                  Plaintiffs,                 ) **CORPORATION'S MEMORANDUM**
16                                            ) **OF POINTS AND AUTHORITIES IN**
        v.                                    ) **SUPPORT OF ITS MOTION FOR**
17                                            ) **SUMMARY OR PARTIAL SUMMARY**
   COSTCO WHOLESALE                           ) **JUDGMENT**
18 CORPORATION and DOE 1 through and)
   including DOE 100,                         ) **(Filed Concurrently with Notice of**
19                                            ) **Motion and Motion, Statement of**
                                              ) **Uncontroverted Facts and Conclusions**
20                Defendants.                 ) **of Law, Request for Judicial Notice,**
                                              ) **Declaration of Joni Hammer, [Proposed]**
21                                            ) **Judgment, and [Proposed] Order)**
                                              )
22                                            ) Date:  October 22, 2012
                                              ) Time:  1:30 p.m.
23                                            ) CtRm: 840
                                              )
24                                            ) Complaint Filed:  May 17, 2012
                                              )
25

26

27

28

# **TABLE OF CONTENTS**

INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

STATEMENT OF FACTS .......................................................................................... 2

     1.    Printed Wage Statements are Available for Costco Employees ..................... 2

     2.    Costco Wage Statements Contain Total Hours Worked & Rates of Pay ....... 3

     3.    Apodaca's Allegations Regarding Non-Compliant Wage Statements ........... 4

     4.    The Relief Sought ........................................................................................... 5

ARGUMENT ............................................................................................................... 5

I.    The Summary Judgment Standard ..................................................................... 5

II.   Costco complied with section 226(a) by Furnishing Separate, Written Wage Statements ........................................................................................... 6

    A.    Costco Provided Separate, Written Wage Statements ..................................... 6

    B.    Costco Had A Good Faith Basis to Believe that Providing Electronic Wage Statements was Code Compliant ........................................................... 7

    C.    Apodaca Was Not Injured ................................................................................ 8

III.  Costco is Not Liable Under Section 226(a)(2) For Failing to Report Total Hours Worked ................................................................................... 8

    A.    Costco's Wage Statements Listed Total Hours Worked .................................. 8

    B.    There Was an Objective, Good-Faith Basis for Costco to Believe its Wage Statements Listed Total Hours Worked ................................................ 9

    C.    Apodaca Was Not Injured .............................................................................. 10

IV.  Apodaca Was Not Injured by a failure to list regular and overtime rates ............... 11

V.   As a Former Employee, Apodaca Lacks Standing to Seek Injunctive Relief and Her Request Fails as a Matter of Law ........................................................ 12

CONCLUSION ......................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Celotex Corp. v. Catrett*
   477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ..........................................5, 6

*Chen-Oster v. Goldman, Sachs & Co.*
   2012 WL 2912741 (S.D.N.Y. July 17, 2012).............................................................12

*Elliot v. Spherion Pacific Work, LLC*
   572 F. Supp. 2d 1169 (C.D. Cal. 2008) ................................................................10, 11

*Harris v. Vector Marketing Corp.*
   656 F. Supp. 2d 1128 (N.D. Cal. 2009)...................................................................7, 9

*Nguyen v. Baxter Healthcare Corp.*
   2011 WL 6018284 (C.D. Cal. Nov. 28, 2011) ......................................................10, 11

*Perez v. Safety-Kleen Systems, Inc.*
   253 F.R.D. 508 (N.D. Cal. 2008)............................................................................10, 11

*Reber v. AIMCO/Bethesda Holdings, Inc.*
   2008 WL 4384147 (C.D. Cal. Aug. 25, 2008) ............................................................7

*Rubin v. Wal-Mart Stores, Inc.*
   599 F. Supp. 2d 1176 (N.D. Cal. 2009)........................................................................9

*Smolen v. Deloitte, Haskins & Sells*
   921 F.2d 959 (9th Cir. 1990) .......................................................................................5

*Wal-Mart Stores, Inc. v. Dukes*
   131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011)................................................................12

**CALIFORNIA CASES**

*Cicairos v. Summit Logistics, Inc.*
   133 Cal. App. 4th 949 (2005) ...............................................................................10, 11

*Jaimex v. DAIOHS USA, Inc.*
   181 Cal. App. 4th 1286 (2010) .............................................................................10, 11

*Morgan v. United Retail Inc.*
   186 Cal. App. 4th 1136 (2010) ................................................................................8, 9

# TABLE OF AUTHORITIES (Cont'd)

**Page(s)**

*Price v. Starbucks Corp.*
    192 Cal. App. 4th 1136 (2011) ............................................................................. 10, 11

*Seymore v. Metson Marine, Inc.*
    194 Cal. App. 4th 361 (2011) ........................................................................................ 7

**FEDERAL STATUTES**

Federal Rules of Civil Procedure
    Rule 56 ........................................................................................................................... 5
    Rule 56(e) ....................................................................................................................... 5

**CALIFORNIA STATUTES**

Code of Civil Procedure
    Section 340 ..................................................................................................................... 3

Labor Code
    Section 226 ........................................................................................................ 1, 4, 7, 8
    Section 226(a) ......................................................................................................... passim
    Section 226(a)(2) .............................................................................................. 1, 4, 8, 9
    Section 226(a)(9) .................................................................................................. 1, 4, 5
    Section 226(e) ......................................................................................................... passim

**OTHER AUTHORITIES**

DLSE Opinion Letter 2006.07.06 ................................................................................... 6, 7

# INTRODUCTION AND SUMMARY OF ARGUMENT

This "gotcha" lawsuit alleges technical violations of the California Labor Code section that governs an employer's issuance of wage statements to employees. All of our section references here are to the Labor Code, unless otherwise specified.

The Plaintiff, Loretta Apodaca, once worked for Costco Wholesale Corporation. She alleges that her wage statements from Costco were deficient, in three respects:

First, she alleges that Costco, in providing electronic wage statements, violated Section 226(a) because her statements were not "detachable." But Section 226(a) merely requires that the statement be "detachable" *or* "separate" and "in writing." Both the plain meaning of Section 226 and the official interpretation of the California Division of Labor Standards Enforcement supports Costco's position that Section 226(a) permits electronic wage statements, and Apodaca could obtain a printed wage statement if she requested one. In any event, Costco had a good-faith basis to believe it was complying, which precludes any finding of the knowing and intentional violation that Apodaca would have to prove to recover penalties under Section 226(e). Further, because Apodaca was able to request a printed wage statement, she did not suffer an injury, again precluding Section 226(e) penalties.

Second, Apodaca alleges that Costco's wage statements failed to list "total hours worked" in violation of Section 226(a)(2). But Costco did list Apodaca's recorded regular, overtime, and doubletime hours worked, and thus complied with Section 226. Moreover, Costco had an objective, good-faith basis to believe that its wage statements were compliant, and Apodaca did not suffer an injury because she could easily calculate her grand total of hours if she so desired. As such, Costco is not liable for Section 226(e) penalties.

Third, Apodaca alleges Costco failed to list "rates of pay," in violation of Section 226(a)(9). But she could easily compute her regular, overtime, and doubletime rates simply by dividing the recorded amounts she was paid by the recorded hours she had

worked. Because she thus suffered no injury from an omission of regular and overtime rates, Costco is not liable for penalties. Lab. Code § 226(e).

A final problem with Apodaca's complaint is that she seeks injunctive relief as a former employee. Her request fails for lack of standing.

## STATEMENT OF FACTS

### 1. Printed Wage Statements are Available for Costco Employees

Costco is a retailer that operates over 100 retail warehouses in California. Apodaca was, since February 23, 2004, a non-exempt Bakery Manager at Costco's Norwalk, California warehouse. In April 2012, she changed employment positions and became a non-exempt Front End Assistant. (SUF 14.) On May 24, 2012, her employment with Costco ended. (SUF 15.)

As of March 2007, Apodaca had authorized Costco to pay her wages via direct deposit into her bank account. (SUF 1.) Before June 2011, she and other Costco employees received printed wage statements. (SUF 2.) In June 2011, Costco implemented an ePayroll system, which gave employees the option to receive an electronic wage statement. (SUF 3.)

Costco announced a forthcoming ePayroll system in the March 2011 issue of "Costco Today," a magazine for Costco employees. (SUF 5, 6.) An article on page three of this issue explained that employees (such as Apodaca) who were receiving their pay via direct deposit would be receiving their wage statement electronically, unless they asked their local payroll clerk for printed statements. (SUF 5.) Employees receiving electronic wage statements would be able to access their wage statements via telephone, Costcopaycheck.com, and Costco's intranet. (*Id.*) Around this time, Costco also issued a new Direct Deposit Enrollment Form, which similarly notified employees that they would be able to continue to receive printed wage statements. (SUF 9.)

At all relevant times the Norwalk warehouse has had available for employee use, in the employee break room, a computer terminal, with printing capability. (SUF 7.) On

that computer terminal issues of Costco Today, including the March 2011 issue with its article on ePayroll, remain available for employee viewing. (SUF 8.)

In preparing to release the new ePayroll system, Costco instructed the local warehouse payroll clerks, in May 2011, to provide printed wage statements to employees who requested them, starting with the June 9, 2011 payroll. (SUF 10.) Payroll clerks received instructions on how to print wage statements. (*Id.*) Elayne Bastian, the payroll clerk at the Norwalk warehouse, stapled to each employee's wage statement a pamphlet describing the new ePayroll system. (SUF 11.) This distribution occurred before the ePayroll system went into effect. (*Id.*) The pamphlet informed employees that they would be able to access wage statements online or by telephone and that they could save or print their electronic wage statements as needed. (SUF 12.)

Under the ePayroll system, then, employees had option to continue to obtain printed wage statements, and employees at the Norwalk warehouse have in fact obtained paper statements.[1] (SUF 5, 7, 9-13.) Employees at the Norwalk warehouse also can print their wage statements at work by using the employee break room computer. (SUF 13.)

### 2. Costco Wage Statements Contain Total Hours Worked & Rates of Pay

During the relevant one-year period preceding the filing of this action,[2] Costco wage statements for Apodaca contained the following relevant information:

|  | Hours | Hours YTD | Dollars | Dollars YTD |
|---|---|---|---|---|
| **Regular Pay** |  |  |  |  |
| **Overtime Pay** |  |  |  |  |
| **Doubletime Pay** |  |  |  |  |

---

[1] Apodaca apparently could obtain a printed wage statement, as she attached one to her May 17, 2012 Class Action Complaint. That statement was a printed copy of her electronic wage statement for the two-week pay period of March 14 to March 27, 2011.

[2] A request for penalties for failure to provide accurate wage statements is subject to a one-year statute of limitations. Code Civ. Proc. § 340.

3

(SUF 16, 17.) The wage statements thus showed all the hours that an employee worked at regular, overtime, and doubletime rates of pay, both during the pay period and during the year to date. (SUF 16.) The statements also recorded for each pay period and year to date the amount of regular, overtime, and doubletime pay that the employee received. (SUF 17.) As such, Costco employees could determine their regular, overtime, and double time rate of pay simply by dividing, for each category, the amount paid by the hours worked.

### 3. Apodaca's Allegations Regarding Non-Compliant Wage Statements

Apodaca sued on May 17, 2012, alleging failure to provide information on wage statements in violation of California Labor Code § 226. (Plaintiff's Class Action Complaint, Filed May 17, 2012, Los Angeles Superior Court, Case No. BC 484909 ["Complaint"].) Apodaca seeks to represent all Costco employees who received a paycheck from Costco during the relevant time.[3] Complaint ¶ 10.

Even though Costco provided the option to choose between an electronic and printed wage statement, Apodaca contends that Costco, by providing electronic wage statements, violated Section 226(a) by failing to "furnish each of [its] employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing." Lab. Code § 226(a); Complaint ¶ 8.

Apodaca also alleges that Costco violated Section 226(a)(2) by failing to list "total hours worked by the employee," even though Costco's wage statements clearly list her total recorded regular, overtime, and doubletime hours worked. Lab. Code § 226(a)(2); Complaint ¶ 9.

Finally, Apodaca alleges that Costco violated Section 226(a)(9) by failing to list "all applicable hourly rates in effect during the pay period and the corresponding number

---

[3] Apodaca ignores that some Costco employees received printed wage statements. She also fails to distinguish between non-exempt and exempt employees in defining her class (total hours worked and rates of pay are inapplicable for exempt employees and need not be listed on their wage statements).

4

of hours worked at each hourly rate," even though she could access this information simply by dividing the amount paid by the recorded hours worked in each category. Lab. Code § 226(a)(9); Complaint ¶¶ 8, 9.

### 4. The Relief Sought

Apodaca seeks penalties, on behalf of the entire class of employees, for these alleged violations under Section 226(e), which provides that "[a]n employee *suffering an injury* as a result of *knowing and intentional* failure by an employer to comply with subdivision (a) is entitled to recover" penalties. Lab. Code § 226(e) (emphasis added); Complaint ¶ 22, Prayer for Relief ¶ 2. Apodaca's only alleged "injury" is that her wage statements were "inherently confusing and issued in derogation of the rights of the employee" and that it was a "waste of time and money to recover…data electronically." Complaint ¶ 9. She does not allege that she suffered injury because her wage statements did not accurately reflect her recorded work hours.

Apodaca also seeks injunctive relief, even though she is a former employee who no longer can expect to receive wage statements from Costco. Complaint, Prayer for Relief ¶ 2.

## ARGUMENT

### I. THE SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56. The moving party has the initial burden of demonstrating the absence of a fact or facts necessary to prove each cause of action upon which the moving party seeks judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e.) "To show the existence of a 'genuine' issue ... [a plaintiff] must produce at least some significant probative evidence tending to support the complaint." *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990). If the nonmoving party fails to show a genuine

issue of fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323.

## II. COSTCO COMPLIED WITH SECTION 226(A) BY FURNISHING SEPARATE, WRITTEN WAGE STATEMENTS

### A. Costco Provided Separate, Written Wage Statements

Apodaca alleges that Costco, in providing electronic wage statements, failed to furnish *detachable* wage statements. Complaint ¶¶ 8, 21. This allegation is simply not true and reflects a misunderstanding of Section 226(a).

Section 226(a) itself does not require that wage statements appear in paper form. The following language of the statute (with some emphases supplied) requires only that the statement be furnished "separately" and "in writing":

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, *either* as a detachable part of the check, draft, or voucher paying the employee's wages, *or separately* when wages are paid by personal check or cash, an accurate itemized statement *in writing* ....

Costco's electronic wage statements met both the "separately" and "in writing" elements of this requirement. At all relevant times, Apodaca was able to view a written copy of her wage statement, separate from her payment of wages, either on her own computer screen, on the computer screen available in the employee break room at the Norwalk warehouse, or on a paper copy that she could print at home or at the Norwalk warehouse. (SUF 4, 5, 12-14.)

The California Department of Labor Standard Enforcement ("DLSE") agrees that electronic wage statements satisfy Section 226(a) where "each employee retains the right to elect to receive a written paper stub or record and [where] those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee." DLSE Opinion Letter 2006.07.06, at 2-3. The DLSE reasons that providing an electronic statement serves Section 226(a)'s basic purpose to "allow employees to maintain their

6

own records of wages earned, deductions, and pay received." *Id.* at 2. The DLSE is the administrative agency entrusted to enforce the Labor Code. Accordingly, the DLSE's opinion letters, while not controlling, "constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Seymore v. Metson Marine, Inc.*, 194 Cal. App. 4th 361, 369 n.5 (2011).

Consistent with the DLSE's considered view, Costco gave employees electronic wage statements and the right to insist on paper statements. (SUF 4, 5, 9-13.) These wage statements are separate from the employees' wages and appear in writing, easily accessible at any time, via the Internet or the Costco intranet. (SUF 4, 5, 11, 12.) Costco also provided printed wage statements to employees upon request, free of charge, and employees were able to print their wage statements for themselves, from the Costco break room computer or from their personal computers. (SUF 13.) The electronic system also enabled employees to keep a record of earned wages (SUF 12), further promoting the informational purposes of Section 226.

Because Costco provided accurate, written wage statements, separate from the employees' actual payment of wages, in both electronic and printed format, Costco complied with Section 226(a) as a matter of law.

### B. Costco Had A Good Faith Basis to Believe that Providing Electronic Wage Statements was Code Compliant

Even if the Court were to reject the DLSE's interpretation of Section 226(a), Costco would not be liable for Section 226(e) penalties, because the DLSE Opinion provides a good-faith basis to believe that providing electronic wage statements was sufficient. Accordingly, there was not a "***knowing and intentional***" violation of the statute. Lab. Code § 226(e) (for employee to recover penalties under Section 226(e) for a violation of Section 226(a), employer's violation must have been "knowing and intentional"); *see Harris v. Vector Marketing Corp.*, 656 F. Supp. 2d 1128, 1145-46 (N.D. Cal. 2009) (summary adjudication warranted on Section 226(e) claim where record lacked evidence that conduct was knowing or willful); *Reber v. AIMCO/Bethesda*

7

*Holdings, Inc.*, 2008 WL 4384147, at *9 (C.D. Cal. Aug. 25, 2008) (summary adjudication appropriate on Section 226 claim because good-faith dispute as to whether employees are exempt precludes finding defendant's conduct was knowing and intentional).

The DLSE reasonably opined that electronic wage statements are a viable alternative to printed wage statements, fully in accordance with the informational purpose of Section 226, as long as the electronic wage statements are easily accessible and each employee retains the right to elect to receive a paper statement.  Because Costco complied with these requirements, any alleged violation of Section 226(a) was not "knowing and intentional" and Costco, as a matter of law, is not liable for penalties.

### C. Apodaca Was Not Injured

Even if the Court declines to adopt the DLSE's interpretation of Section 226(a) and holds that using electronic wage statements was a knowing and intentional violation of the statute, Costco would still not be liable for penalties, because Apodaca did not ***suffer an injury***.  Lab. Code §226(e) ("employee suffering an injury as a result of knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover" penalties) (emphasis added).  Apodaca alleges that "it was a waste of time and money to recover [her wage statements] electronically."  Complaint ¶ 9.  But she could have averted this "waste" simply by asking for paper wage statements, before the ePayroll system went into effect in June 2011, or at any time thereafter.  (SUF 5.)  Accordingly, there was no injury and Apodaca's claim for penalties fails as a matter of law.

### III. COSTCO IS NOT LIABLE UNDER SECTION 226(A)(2) FOR FAILING TO REPORT TOTAL HOURS WORKED

#### A. Costco's Wage Statements Listed Total Hours Worked

A wage statement complies with Section 226(a)(2)'s requirement to list "total hours worked" if the statement lists the "actual number of regular hours worked and the actual number of overtime hours worked during the applicable pay period."  *Morgan v. United Retail Inc.*, 186 Cal. App. 4th 1136, 1149 (2010) (affirming summary judgment

for employer where wage statement showed total regular hours worked and total overtime hours worked, without providing a grand total); *see also Rubin v. Wal-Mart Stores, Inc.*, 599 F. Supp. 2d 1176, 1179 (N.D. Cal. 2009) (dismissing class action suit because separately listing total regular hours and total overtime hours, without adding them together, complied with the requirement to "include the total hours worked"). The wage statement need not separately list the grand total for all the various totals. 186 Cal. App. 4th at 1147.[4]

Here, under *United Retail*, Costco cannot be liable for violating Section 226(a)(2), because the wage statements list total recorded regular hours worked, total overtime hours worked, and total doubletime hours worked. (SUF 16, 17.) Apodaca would prefer yet another total—a grand total cumulating all hours worked of every description. But creating that extra total is not clearly called for in the statute and would serve no discernible purpose. The *United Retail* court was wise not to read such a requirement into the statute.

### B. There Was an Objective, Good-Faith Basis for Costco to Believe its Wage Statements Listed Total Hours Worked

Even if the Court were to reject the ruling in *United Retail*, Costco would not be liable for Section 226(e) penalties because the ruling provides an objective basis for Costco to believe, in good faith, that its wage statements listed total hours worked. Accordingly, there was not a "***knowing and intentional***" violation of the statute. Lab. Code § 226(e); *see Harris*, 656 F. Supp. 2d at 1145-46 (summary adjudication warranted on Section 226(e) claim where record lacked evidence that conduct was knowing or willful).

---

[4] The California Court of Appeal in *United Retail* held that because the defendant's wage statements complied with Section 226(a)(2), the court did not need to address whether class members suffered injury or whether the defendant's alleged non-compliance was knowing and intentional. *Id.* at 1149 n.9.

9

### C. Apodaca Was Not Injured

A further independent reason to reject Apocaca's claim for penalties is that she did not ***suffer an injury***. Lab. Code §226(e) ("employee suffering an injury as a result of knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover" penalties) (emphasis added).

To recover penalties for violations of Section 226(a), an employee must demonstrate an actual injury arising from the missing information—deprivation of that information and alleged resultant confusion is insufficient. *Price v. Starbucks Corp.,* 192 Cal. App. 4th 1136, 1143 (2011). "The injury requirement in section 226, subdivision (e), cannot be satisfied simply if one of the nine itemized requirements in section 226, subdivision (a) is missing from the wage statement." *Id*. at 1142 (alleged confusion and possible underpayment of wages was insufficient injury because wage statements did not appear to be inaccurate); *see also Elliot v. Spherion Pacific Work, LLC*, 572 F. Supp. 2d 1169, 1181 (C.D. Cal. 2008) (distinguishing between "a defendant's misconduct, on the one hand, and a plaintiff's injury on the other"; "the statute clearly requires that an employee is not eligible to recover for violations of section 226(a) *unless* he or she demonstrates some injury from the employer's violation") (emphasis in original); *Nguyen v. Baxter Healthcare Corp.*, 2011 WL 6018284, at *9 (C.D. Cal. Nov. 28, 2011) (summary judgment granted because confusion and need to compute mathematical calculations was insufficient injury).

Only when a plaintiff alleges that the information contained on the wage statement is ***inaccurate*** is there sufficient injury to deny summary judgment. *See Perez v. Safety-Kleen Systems, Inc.*, 253 F.R.D. 508, 517 (N.D. Cal. 2008) (plaintiff's hours were admittedly recorded inaccurately on wage statement and plaintiff suffered difficulty and expense in attempting to reconstruct hours worked); *Jaimex v. DAIOHS USA, Inc.*, 181 Cal. App. 4th 1286, 1305-06 (2010) (wage statements listed 86.66 hours worked, regardless of the actual hours worked, which left employees unable to determine if they were properly paid for hours worked); *Cicairos v. Summit Logistics, Inc.*, 133 Cal. App.

10

4th 949, 956 (2005) (wage statement listed 40 hours worked, regardless of number of hours actually worked).

Here, Apodaca does not allege that her wage statements fail to reflect her recorded hours worked. She could easily have calculated the grant total of her recorded hours worked by adding together her regular, overtime, and doubletime hours.

## IV. APODACA WAS NOT INJURED BY A FAILURE TO LIST REGULAR AND OVERTIME RATES

As stated in the preceding section, to recover penalties for violations of Section 226(a), an employee must demonstrate an actual injury arising from the missing information—deprivation of that information and alleged resultant confusion is insufficient. *Price,* 192 Cal. App. 4th at 1142-1143; *see also Elliot, LLC*, 572 F. Supp. 2d at 1181; *Nguyen*, 2011 WL 6018284, at * 9. To overcome summary judgment, a plaintiff must show that the information contained on her wage statement is inaccurate. *See Perez*, 253 F.R.D. at 517; *Jaimex*, 181 Cal. App. 4th at 1305-06; *Cicairos*, 133 Cal. App. 4th at 956.

Apodaca, in merely alleging a failure to report her rates of pay, has not alleged a cognizable injury. Her wage statements listed all of her recorded hours worked and the amounts earned, per pay period and year to date, for regular pay, overtime pay, and doubletime pay. (SUF 16, 17.) With this information, Apodaca could determine her rate of pay in each category simply by dividing the amount paid by the hours worked. If use of the pencil-and-paper method would be too cumbersome, a calculator found on any cell phone or computer could easily facilitate that arithmetical task. Because Apodaca's only alleged injury from Costco's failure to explicitly state her rates of pay is "confus[ion]" and "derogation" of her rights, she has not suffered an injury and her claim fails as a matter of law. Complaint ¶ 9.

11

## V. AS A FORMER EMPLOYEE, APODACA LACKS STANDING TO SEEK INJUNCTIVE RELIEF AND HER REQUEST FAILS AS A MATTER OF LAW

The United States Supreme Court has held that "plaintiffs no longer employed by [defendant] lack standing to seek injunctive or declaratory relief against its employment practices." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2559-60, 180 L. Ed. 2d 374 (2011). Applying this U.S. Supreme Court case, a federal district court has concluded "*Dukes* forecloses certification under 23(b)(2) [involving injunctive relief]." *Chen-Oster v. Goldman, Sachs & Co.*, 2012 WL 2912741, at *5 (S.D.N.Y. July 17, 2012). The same result must obtain here: even though Apodaca was a Costco employee when she sued for injunctive relief, her current lack of employment with Costco deprives her of standing to pursue injunctive relief now.

Apodaca's claim for injunctive relief fails as a matter of law because she is a former and not a current employee. (SUF 15.) As such, she no longer receives wage statements from Costco and could not expect to benefit from a reformed practice. Her request for injunctive relief therefore fails as a matter of law.

## CONCLUSION

Apodaca's claims fail as a matter of law because (1) she was provided separate, written wage statements, with the option to receive printed statements, (2) her wage statements totaled all recorded hours, and (3) she suffered no injury as a result of any calculation she needed to compute her wage rates.

Moreover, as a former employee, she lacks standing to seek injunctive relief.

DATED: September 13, 2012          SEYFARTH SHAW LLP

By  */ s / Emily E. Schroeder*
David D. Kadue
Emily E. Schroeder
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

14553497v.6