Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
**HARRIS & RUBLE**
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone: 323.962.3777
Facsimile: 323.962.3004
aharris@harrisandruble.com
pmohan@harrisandruble.com

Sachin R. Mehta, Esq. (SBN 223572)
Jessica D. Lew, Esq. (SBN 225459)
**MEHTALEGAL**
3400 Airport Avenue, Suite 20
Santa Monica, CA 90405
Telephone: (310) 390-1200
Facsimile: (310) 390-1300
sachin@mehtalegal.com
jessica@mehtalegal.com
*Attorneys for Plaintiff*

FILED
CLERK, U.S. DISTRICT COURT

■ 2 8 2012

CENTRAL DISTRICT OF CALIFORNIA
BY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORETTA APODACA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | Case No. 12CV-05664 DSF (Ex)<br><br>**FIRST AMENDED COMPLAINT**<br>*[Class and Collective Action]*<br>1. Failure to Pay Overtime Compensation, California Labor Code<br>2. Failure to Provide Accurate Itemized Wage Statements<br>3. Failure to Pay Overtime Compensation, Fair Labor Standards Act<br>4. Failure to Provide Adequate Meal Periods<br>5. Failure to Provide Adequate Rest Periods<br>6. Continuing Wages<br>7. Violations of §17200 *et seq.* of the California Business and Professions Code<br>8. Retaliation and Wrongful Termination in Violation of Public Policy<br>9. Civil Penalties pursuant to § 2968 *et seq.* of the California Labor Code<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, and for her causes of action against Defendant, alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this action pursuant to the Defendant's CAFA removal, as well as the doctrines of supplemental and ancillary jurisdiction.

2.     This Court has personal jurisdiction over Defendant Costco Wholesale Corporation ("Costco") by virtue of Costco's transacting, doing, and soliciting business in this District, as well as because a substantial part of the relevant events occurred in this District.

3.     Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

4.     Plaintiff Loretta Apodaca ("Apodaca") is an individual, who, during the time periods relevant to this Complaint, was and is a resident of the State of California.

5.     Defendant Costco Wholesale Corporation ("Defendant" or "Costco") was and is a Washington Corporation, which at all times relevant herein, conducted business within the County of Los Angeles, State of California.

## NATURE OF THE CASE

6.     This First Amended Complaint asserts claims against Costco for violations of California Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, 515, 1174, and 1198; violations of the relevant Wage Order of the Industrial Welfare Commission; violations of section 17200 *et seq.* of the California Business and Professions Code; violations of the Fair Labor Standards Act ("FLSA"); for retaliation and wrongful termination in violation of public policy and in violation of California Government Code section 12940; and for civil penalties pursuant to section 2968 *et seq* of the California Labor Code

7.     This action is brought as a class action on behalf of all residents of the State

1  of California who, at any time during the four years preceding the filing of the First

2  Amended Complaint through the present, were or have been employed as a salaried non-

3  exempt manager by Costco.[1]  This action is also brought as a class action on behalf of all

4  Costco employees who were issued wage statements on account of services performed in

5  California during the three years prior to the filing of the Complaint.  This action is also

6  brought as a collective action on behalf of all individuals who, at any time during the

7  three years preceding the filing of this First Amended Complaint, were or have been

8  employed as salaried non-exempt managers by Costco in the United States.

9       8.    Costco owns and operates retail warehouse distribution centers nationwide

10  and has approximately one-hundred such warehouses located throughout the State of

11  California.

12       9.    At all times relevant hereto, sections 510, 515, 1194, and 1198 of the

13  California Labor Code and 8 California Code of Regulations section 11070[2] required (1)

14  the payment of wages equal to one-and-one-half times an employee's regular rate of pay

15  for all hours worked in excess of eight per day or forty per week and (2) the payment of

16  wages equal to double the employee's regular rate of pay for all hours worked in excess

17  of twelve per day and for all hours worked in a excess of eight on the seventh day of

18  work in any one workweek.  As alleged herein, although Costco reclassified some of its

19  managers from "exempt" to "salaried non-exempt," it pressured them into working "off

20  the clock" overtime, in other words, overtime for which they did not receive any

21  compensation.

22       10.   Similarly, at all times relevant hereto, the FLSA provided:

23         [N]o employer shall employ any of his employees who in any workweek is

24            engaged in commerce or in the production of goods for commerce, or is

25  _____

26  [1] Plaintiff contends that Randall v. Costco Wholesale Corporation, Los Angeles
    Superior Court (Case No. BC 236369),—an overtime action that was originally filed
    against Costco on behalf of many different categories of managers who have now been
27  re-categorized as salaried non-exempt— as well as Drenckhahn v. Costco Wholesale
    Corporation, United States District Court, Central District (Case No. CV08-01408 JHN
28  (SSx)–evidence Costco's systematic and continuing disregard for the overtime laws.
    [2] Section 11070 sets forth the relevant Industrial Welfare Commission Wage Order.

employed in an enterprise engaged in commerce or in the production of
goods for commerce, for a workweek longer than forty hours unless such
employee receives compensation for his employment in excess of the hours
above specified at a rate not less than one and one-half times the regular rate
at which he is employed

29 U.S.C. § 207(a)(1). Again, although Costco reclassified some of its managers from "exempt" to "salaried non-exempt," it pressured and pressures them to work "off the clock" overtime, in other words, overtime for which they did not receive any compensation. Keeping within strict Labor Budgets is one key way in which salaried, non exempt employees may distinguish themselves and possibly retain their positions and receive promotions. Exhibit 1 hereto, for example, consists of internal Costco memoranda detailing the importance of meeting Labor Budgets.

11.    At all time relevant hereto, sections 226, 1174, and 1174.5 of the California Labor Code required employers to keep records of and provide employees with itemized wage statements showing the total hours worked. As alleged herein, Costco has intentionally and improperly designated certain of its managers as "exempt" in order to avoid keeping records of and providing employees with itemized wage statements that show the actual total hours worked.

12.    At all times relevant hereto, sections 226.7 and 512 of the California Labor Code, as well as 8 California Code of Regulations section 11070, required employers to provide employees with a first meal period of not less than thirty minutes, during which the employees are to be relieved of all duty, before the employees work more than five hours per day. Sections 226.7 and 512 of the California Labor Code, as well as 8 California Code of Regulations section 11070, also required employers to provide a second meal period of not less than thirty minutes, during which employees are again to be relieved of all duty, before the employees work more than ten hours per day. Similarly, sections 226.7 and 512 of the California Labor Code, as well as 8 California Code of Regulations section 11070, required employers to provide employees with ten-

minute rest periods, during which the employees are relieved of all duty, for each four hours of work, or major fraction thereof. As alleged herein, Costco has intentionally and improperly failed to provide meal and rest periods to its managers in violation of the California Labor Code and California Code of Regulations.

13.    Costco reclassified from "exempt" to "salaried non-exempt" the managers of the following departments: Bakery, Meat, Facilities, Optical, Hearing Aid, Photo Lab, Tire Center, Service Deli, and Food Court. After Costco reclassified these managers from "exempt" to "salaried non-exempt," it paid them for working a few hours of overtime per week but pressured them into working an additional ten to twenty hours per week "off the clock." Costco pressured these managers through threats and intimidation by saying that they were "not doing their job" and that they were "not good managers" if they could not get their work done within their assigned schedules.

14.    In this class action, Plaintiff seeks, for herself and all others similarly situated, the payment of restitution and/or disgorgement of all sums wrongfully obtained by Costco in violation of section 17200 *et seq.* of the California Business and Professions Code.

## **GENERAL ALLEGATIONS**

15.    Defendant employed Apodaca since 2004, and continued to employ her, until, after learning of the fact that this case had been filed by Apodaca, Costco fired her, all in violation of long established public policies of the State of California.

16.    Costco operates an international chain of membership warehouses that carry brand-name products at lower prices than those typically found at conventional wholesale or retail stores. As of November 2007, Costco operated 523 warehouses worldwide. Approximately one hundred of those stores are located in the State of California.

17.    Costco sells baked goods, food, beverages, appliances, automotive supplies, tires, beauty aids, candy, tobacco, office equipment, and many other items for small-to-medium-sized businesses, as well as for members' individual use. In addition to the scores of hourly employees working for Costco in California, each warehouse employs

1    approximately ten to twenty department managers who are paid an annual salary.

2        18.    Costco organizes its warehouses into operating departments.  The following

3    are examples of the operating departments found at some or all of the warehouses in

4    California:  Bakery, Meat, Facilities, Optical, Hearing Aid, Photo Lab, Tire Center,

5    Service Deli, Food Court, Fresh Foods, Merchandising, Administration, Front End,

6    Receiving, Foods, Non-Foods, Hardlines, Center, Membership, and Pharmacy.  Costco

7    employs one manager for each department, except for Merchandising, which employs

8    three to four managers to the extent that other departments, such as Tire Center, Fresh

9    Foods, and Hardlines, are considered part of the Merchandising department.

10       19.    According to Jim Sinegal, formerly Costco's President and Chief Executive

11   Officer:

12           Costco is able to offer lower prices and better values by eliminating virtually

13           all the frills and costs historically associated with conventional wholesalers

14           and retailers, including salespeople, fancy buildings, delivery, billing, and

15           accounts receivable.  [Costco] run[s] a tight operation with extremely low

16           overhead which enables us to pass on dramatic savings to our members.

17       20.    Costco labels certain employees as salaried, non-exempt "managers." Such

18   Costco managers spend the majority of their time working on the floor, preparing the

19   products, restocking the products on the shelves, cleaning, handling customer inquiries,

20   working the cash register, and conducting other non-managerial duties.  In fact,

21   "managers" spend over fifty percent of each shift performing tasks that are identical to

22   those of non-salaried Costco employees.  Many times, managers work long after the

23   warehouse closes in order to complete the clean-up duties alongside the hourly workers.

24   The primary difference between Costco's hourly workers and its managers is that the

25   managers work more than forty-five hours per week without receiving proper overtime

26   compensation and adequate meal and rest breaks. This is certainly the case with respect

27   to salaried non-exempt managers.

28       21.    Plaintiff, for example, worked over forty-five hours per week, and her

managerial duties required a small fraction of her total time.  Plaintiff performed these managerial duties in spare moments between her non-managerial duties.  Indeed, Costco's job description for the manager of the Bakery Department indicated that the manager may perform duties of subordinates to maintain production or to replace absent workers.  However, in practice, a bakery manager spends the majority of time at work performing the duties of a baker and the subordinates of a baker in order to keep the department operational.  Furthermore, Costco describes the key requirements of the position as including the ability to perform job functions that are also primary job functions executed by hourly workers.  Accordingly, regardless of the title, the manager and the hourly workers in the department carried out the same duties.

22.     Costco managers are given a payroll budget within which to "manage" their departments.  However, managers quickly realize that the only way to meet budgetary constraints is to work more than forty-five hours per workweek and to spend a majority of those hours working alongside hourly-rate employees.  Moreover, managers perform the duties of sick or otherwise absent employees, instead of hiring additional employees, to remain within budget.  Indeed, the failure to remain within budget gives rise to negative employee reviews and can ultimately result in termination or demotion.

23.     Plaintiff and other managers were forced to work at least ten, and often as many as twelve, hours per day.  Although Costco knew this, it permitted and/or encouraged employees to forego taking adequate meal and rest breaks.

24.     Plaintiff, for example, usually worked as bakery manager from early in the morning until late in the afternoon.  Plaintiff nearly always ate lunch while working.  Moreover, Plaintiff was unable to take breaks at all, much less rest breaks during which she was relieved of all duty.

25.     At all relevant times, managers' weekly hours increased during holidays, especially Thanksgiving and Christmas.  For example, Plaintiff worked over fifty hours a week during the workweeks surrounding  Thanksgiving and Christmas.

26.     Twice each year, Costco warehouses conduct a warehouse inventory.

Managers spend the week before the actual inventory working even longer hours than usual.

27.     Each year that Costco misclassifies its managers as "exempt" or requires "salaried non-exempt" managers to work overtime hours off the clock without taking adequate meal and rest breaks, Costco violates California labor laws by failing to compensate its managers for overtime hours worked and meal and rest periods not taken. As a result, Costco increases its profitability and keeps its overhead to a minimum level—all at the expense of its managers.

28.     Again, sections 510, 515, 1194, and 1198 of the California Labor Code and 8 California Code of Regulations section 11070 provide that employees in California shall not be employed more than eight hours in any work day nor more than forty hours in any workweek without receiving additional compensation beyond their regular wages in amounts specified by law.  Similarly, the FLSA provides that employees shall not be employed more than forty hours in one workweek without receiving additional compensation beyond their regular wages in amounts specified by law.

29.     Also, sections 226, 1174, and 1174.5 of the California Labor Code, as well as 8 California Code of Regulations section 11070, provide that employers must keep employee time records and must provide employees with hard copy itemized wage statements showing actual total hours worked and other information as detailed in the statute. Here, Costco failed to provide any hard copy records whatsoever to the class members, and the "paperless pay" records which it did provide were, with respect to salaried, non-exempt managers in particular, devoid of data regarding the applicable hourly rates or comprehensible information concerning the total hours worked.  For example, Exhibit 2 is a faux "Pay Stub" made electronically available to Plaintiff for the period ending March 27, 2011.  The data are utterly confusing as, for example, information is provided for one hour of "VACATION PAY/NON-EXEMPT SALARIED VACATION **OR** FLOAT OVERTIME" (emphasis in bold).  It would seem impossible for an employee to determine whether the referenced payment was for vacation or

overtime or something else, altogether.  The electronic "Pay Stub" indicates a total of 93.66 hours worked, but it is not readily apparent whether or not this is the actual total hours worked or the total hours for which the employee is being paid.  By failing to reveal all pertinent data, by limiting the information supplied to Department Managers, it is apparent that Defendant avoided constantly reminding employees that while Department Managers were required to work 9+ hours per day, their vacation and sick day "compensation" was limited to 8 hours per "day."  Indeed, with respect to the question of Costco's failure to provide data regarding the applicable hourly rate, in certifying a class in <u>Randall v. Costco Wholesale, Inc.</u>, Los Angeles Superior Court (BC296369) ("<u>Randall</u>"), Los Angeles County Superior Court Judge Emilie Elias ruled: "[e]ven if it is true that the [hourly wage] rate could be discovered through use of division, Costco still apparently has violated the statute," Labor Code §226.  Similarly, in 2006, seeking final approval of a $7,500,000 class action settlement in <u>Doty v. Costco</u>, Los Angeles Superior Court (BC331008)("<u>Doty</u>"), CWI's Senior Vice-President, Human Resources and Risk Management, John Matthews, acknowledged that CWI wage statements "did not contain each and every item listed in section 226(a) of the California Labor Code," but incorrectly claimed that "Costco has modified the format of the standard wage-itemization statement to ensure compliance on an on-going basis."  <u>See</u>, Plaintiff's Opposition to Defendant's Motion for Summary or Partial Summary Judgment (the "MSJ Opposition"), 5:5-18 [Doc. 20].

30.     Furthermore, sections 226.7 and 512 of the California Labor Code, as well as 8 California Code of Regulations section 11070, provide that an employee in California must receive a first meal period of not less than thirty minutes before working more than five hours, a second period of not less than thirty minutes before working more than ten hours per day, and rest periods of ten minutes for each four hours of work or major fraction thereof.  If such breaks are not provided, then the employer must pay one additional hour of pay at the employee's regular rate of compensation for each work day that a meal period is not provided and for each work day that a rest period is not

1  provided.

2      31.    Costco's conduct of requiring additional work from Plaintiff and Class

3  Members in the absence of proper overtime pay, knowingly and intentionally failing to

4  provide accurate itemized wage statements, failing to provide adequate meal and rest

5  periods, and willfully failing to pay wages earned and unpaid promptly upon employees'

6  termination or resignation violates the above-referenced provisions of California law and

7  also constitutes unfair competition and unlawful, unfair, and fraudulent acts and practices

8  within the meaning of section 17200 et seq. of the California Business and Professions

9  Code.

10                          **CLASS-ACTION ALLEGATIONS**

11      32.    One class represented by Plaintiff consists of all employees tendered a

12  paycheck by or on behalf of Costco for services performed in the State of California

13  during the period from three years prior to the filing of this action to the date of the filing

14  of the motion for class certification ("226 Class").

15      33.    The number of persons within the 226 Class is great, believed to be in excess

16  of 1000 persons.  It is, therefore, impractical to join each member of the Class as a named

17  plaintiff.  Accordingly, utilization of a class action is the most economically feasible

18  means of determining the merits of this litigation.

19      34.    Plaintiff contends that the failure of Defendant Costco to issue fully

20  compliant wage statements to its employees has been and is "knowing and intentional"

21  within the meaning of such words as used in section 226 of the California Labor Code

22  and that, accordingly, each member of the 226 Class is entitled to payment from

23  Defendant of the liquidated damages for which provision is made in section 226.

24      35.    Despite the numerosity of the members of the 226 Class, membership within

25  the 226 Class is readily ascertainable through an examination of the records which

26  Defendant is required by law to keep and which it has kept.  Likewise, the dollar amounts

27  owed to Plaintiff and to each putative member of the 226 Class is readily ascertainable by

28  an examination of the same records.

36.     The 226 Class is proper insofar as common questions of fact and of law predominate over individual issues regarding the money owed to each class member.

37.     There is a well-defined community of interest in the questions of law and fact common to the 226 Class. The key questions are the same for each 226 Class member: (a) Was such 226 Class member an employee of Defendant Costco? (b) Has Defendant Costco violated the mandatory requirements of section 226 of the California Labor Code? (c) Were Defendant Costco's actions with respect to section 226 of the California Labor Code willful, knowing, and intentional? (d) Do the wage statements provide data with respect to either the total hours worked or the applicable hourly rate for each wage rate involved in the pay period? (e) Did Defendant provide a wage statement that was a "detachable part of the check?"

38.     Plaintiff's claims are typical of the claims of the members of the 226 Class, which all arise out of the same general operative facts, i.e., Defendant Costco failed to provide 226 Class members with the information legally mandated by section 226(a) of the California Labor Code. Plaintiff has no conflict of interest with the other members of the Class and is able to fairly and adequately represent the interests of the Class.

39.     A class action is a far superior method for the fair and efficient adjudication of this 226 Class controversy for a number of reasons. First, the persons within the Class are numerous and joinder of all of them is impractical. Second, the disposition of all claims of the members of the Class in a class action rather than in individual actions will benefit both the parties and the Court. In that regard, the claims of each individual member of the Class are too small to litigate individually and the commencement of several hundred or more separate actions in this Court would lead to an undue burden on scarce judicial resources. Further, the alternative of individual proceedings before the Labor Commissioner is impractical inasmuch as that agency has insufficient resources to promptly process such claims and, under the provisions of Labor Code section 98.2, if the individual class members were to succeed in obtaining awards in their favor, such awards may be appealed as a matter of right for a *de novo* trial in Superior Court, leading to a

1  multiplicity of such trials in that court.  Further, absent class treatment, employees will

2  most likely be unable to secure redress given the time and expense necessary to pursue

3  individual claims and individual class members will likely be unable to retain counsel

4  willing to prosecute their claims on an individual basis given the small amount of

5  recovery available to each individual class member. As a practical matter, denial of class

6  treatment will lead to denial of recovery to the individual members of the Class.

7      40.    The interest of each member of the 226 Class in controlling the prosecution

8  of his or her individual claim against Defendant Costco is small when compared with the

9  efficiency of a class action.

10     41.    Plaintiff also brings this action individually and as a class action on behalf of

11  the Salaried Non-Exempt Manager Class defined as follows:

12          All persons who, at any time during the period from four years prior to the

13          filing of the First Amended Complaint present, (a) worked at a Costco

14          warehouse store located in the State of California, (b) were employed as

15          managers, (c) were or are classified as "salaried non-exempt" employees

16          after reclassification, and (d) (i) were not paid wages for off the clock work,

17          (ii) were not provided with accurate itemized wage statements, (iii) were not

18          provided with adequate meal and/or rest periods.

19  Plaintiff reserves the right to modify the definition of the Class after further discovery.

20  This action is brought and may properly be maintained as a class action pursuant to the

21  Federal Rules of Civil Procedure.  This class action satisfies the numerosity, typicality,

22  adequacy, predominance, and superiority requirements of those provisions.

23     42.    Numerosity of the Salaried Non-Exempt ("SNE") Manager Class.  The

24  Members of the Class are so numerous that the individual joinder of all of them is

25  impracticable.  Although the exact number and identities of Class Members are unknown

26  to Plaintiff at this time and can only be ascertained through appropriate discovery

27  directed to Defendant, Plaintiff believes and therefore alleges that there are at least one

28  thousand Members of the SNE Manager Class.

43.     Typicality of Claims.  Plaintiff's claims are typical of the claims of Members of the SNE Manager Class, and Plaintiff's interests are consistent with and not antagonistic to those of the other Class Members whom she seeks to represent.  Plaintiff and all Members of the Class have sustained damages and face irreparable harm arising from Costco's common course of conduct as complained of herein.  The damages sustained by each Member of the Class were caused directly by Costco's wrongful conduct, as alleged herein.

44.     Adequacy of Representation.  Plaintiff will fairly and adequately protect the interests of Members of the SNE Manager Class.  Her claims are not antagonistic to those of Class Members.  Also, Plaintiff has retained attorneys who are experienced in the prosecution of class actions, including employment class actions, and Plaintiff intends to prosecute this action vigorously.

45.     Community of Interest; Existence and Predominance of Common Questions of Law or Fact.  Common questions of fact and law exist as to all Members of the SNE Manager Class that predominate over any questions affecting only individual Members of the Class.  These common legal and factual questions do not vary among Class Members and may be determined without reference to the individual circumstances of any Class Member.  The questions include, but are not limited to, the following:

(a)     Whether each Costco SNE Manager was required to work off the clock in violation of the California Labor Code and California Code of Regulations.

(b)     Whether Costco failed to pay all overtime wages owing to each and every Costco SNE Manager by virtue of Costco's designation of them as "salaried non-exempt" and pressuring them to work off the clock, in violation of sections 510, 515, 1194, and 1198 California Labor Code and 8 California Code of Regulations section 11070.

(c)     Whether Costco failed to pay overtime wages to each and every Costco SNE Manager by requiring subsequently reclassified "non-exempt" managers to work off the clock without overtime pay in violation of sections 510, 515, 1194, and 1198

1   of the California Labor Code and 8 California Code of Regulations section 11070.

2       (d)    Whether Costco failed to provide accurate itemized wage statements

3   to each and every Costco SNE Manager in violation of sections 226, 226.3, 1174, and

4   1174.5 of the California Labor Code and 8 California Code of Regulations section 11070.

5       (e)    Whether Costco failed to provide adequate meal and rest periods to

6   each and every Costco SNE Manager in violation of sections 512 and 226.7 of the

7   California Labor Code and 8 California Code of Regulations section 11070.

8       (f)    Whether Costco failed to pay all wages in a timely fashion upon each

9   and every Costco SNE Manager's discharge from or resignation of employment in

10   violation of sections 201 and 202 of the California Labor Code.

11       (g)    Whether the employment agreement of each and every Class Member

12   was a standardized, form agreement that was unilaterally drafted by Costco.

13       (h)    Whether Costco's conduct constitutes unlawful, unfair, or fraudulent

14   business practices.

15       (i)    Whether Costco's conduct constitutes unfair competition;

16       (j)    Whether Class Members are entitled to equitable relief in the form of

17   restitution for Costco's requiring SNE Managers, who do not meet the statutory and

18   regulatory guidelines for exemption, to work more than eight hours a day or more than

19   forty hours a week without the payment of overtime wages.

20       (k)    Whether Class Members are entitled to equitable relief in the form of

21   restitution for Costco's not providing SNE Managers with accurate itemized wage

22   statements.

23       (l)    Whether Class Members are entitled to equitable relief in the form of

24   restitution for Costco's not providing SNE Managers with adequate meal and rest

25   periods.

26       (m)    Whether Class Members are entitled to equitable relief in the form of

27   restitution for Costco's not providing SNE Managers with all wages earned and unpaid

28   promptly upon termination or resignation.

46.     Several matters are applicable to both the 226 Class and the SNE Manager Class. These class actions are superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Moreover, individualized litigation would present the potential for varying, inconsistent, or contradictory judgments, and it would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class Member. Plaintiff anticipates no difficulty in the management of this action as a class action.

47.     The prosecution of separate actions by individual Class Members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class Members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class Members to protect their interests.

48.     The prosecution of individual actions by Class Members would establish inconsistent standards of conduct for Costco.

49.     (Reserved.)

50.     In addition to asserting class-action claims, pursuant to California Business and Professions Code section 17200 *et seq.*, Plaintiff asserts a claim on behalf of the general public. Plaintiff seeks to require Costco to pay restitution of all monies wrongfully obtained by it through its unfair, unlawful, and/or deceptive business practices. A representative action is necessary and appropriate because Costco has engaged in the wrongful acts described herein as a general business practice.

## FLSA COLLECTIVE-ACTION ALLEGATIONS

51.   Plaintiff seeks to represent all natural persons who, at any time during the period from three years prior to the filing of this Complaint to the present worked at a Costco warehouse store as an SNE Manager in the United States.

52.   Plaintiff is similarly situated to the Collective-Action Members in that Plaintiff and the Collective-Action Members were employed by Costco and in that Costco did not pay Plaintiff and the Collective-Action Members their overtime wages due.

53.   This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

54.   All Collective-Action Members should be given notice and be allowed to given their consent in writing to participate in—in other words, to opt into—the collective action pursuant to 29 U.S.C. § 216(b).

## FIRST CLAIM FOR RELIEF

**(Failure to Pay Overtime Compensation, California Labor Code—Only on Behalf of SNE Manager Class)**

55.   The paragraphs of this Complaint are re-alleged and incorporated by reference.

56.   Pursuant to Labor Code sections 218 and 1194(a), Plaintiff may bring a civil action for overtime wages directly against the employer in Plaintiff's name without first filing a claim with the Department of Labor.

57.   At all times herein relevant, the sections of the California Labor Code and of the California Code of Regulations referenced herein applied to the employment of Plaintiff and all Class Members.

58.   Pursuant to Labor Code section 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the California Code of Regulations.

59.   At all times herein relevant, sections 510, 515, 1194, and 1198 of the

California Labor Code and 8 California Code of Regulations section 11070 provided for the payment of overtime wages equal to one-and-one-half times an employee's regular rate of pay for all hours worked over eight per day or forty per week, as well as for the payment of overtime wage equal to double the employee's regular rate of pay for all hours worked in excess of twelve in any day and for all hours worked in excess of eight on the seventh day of work.

60.     Costco has intentionally and improperly designated certain employees, including Plaintiff and the Members of the SNE Manager Class, as "salaried non-exempt" managers in order to avoid paying them all of their earned overtime wages and other benefits.  Moreover, after Costco reclassified certain managers so that they were no longer "exempt" from overtime under California Labor laws, Costco paid them for a few overtime hours per week but pressured them to work an additional number of hours per week off the clock.

61.     8 California Code of Regulations section 11070 states:

1.     Applicability of Order This order shall apply to all persons employed in the mercantile industry whether paid on a time, piece rate, commission, or other basis, except that:  (A) Provisions of Sections 3 through 12 of this order shall not apply to persons employed in administrative, executive, or professional capacities.[3]  The following requirements shall apply in determining whether an employee's duties meet the test to qualify for an exemption from those sections:  (1) Executive Exemption.  A person employed in an executive capacity means any employee:  (a) Whose duties and responsibilities involve the management of the enterprise in which he/she is employed or of a customarily recognized department or subdivision thereof; and (b) Who customarily and regularly

---

[3] The term "professional" includes those engaged in the following recognized professions:  law, medicine, dentistry, optometry, architecture, engineering, teaching, accounting, or a learned or artistic profession as defined by the regulations.  By definition, this exemption does not apply to Plaintiff and Members of the Class, so additional references to it are omitted.

directs the work of two or more other employees therein; and (c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and (d) Who customarily and regularly exercises discretion and independent judgment; and (e) Who is primarily engaged in duties which meet the test of the exemption. . . . (f) Such an employee must also earn a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment. . . . (2) Administrative Exemption.  A person employed in an administrative capacity means any employee:  (a) Whose duties and responsibilities involve either:  (i) The performance of office or non-manual work directly related to management policies or general business operations of his/her employer or their employer's customers; or (ii) The performance of functions in the administration of a school system, or educational establishment or institution, or of a department or subdivision thereof, in work directly related to the academic instruction or training carried on therein; and (b) Who customarily and regularly exercises discretion and independent judgment; and (c) Who regularly and directly assists a proprietor, or an employee employed in a bona fide executive or administrative capacity (as such terms are defined for purposes of this section); or (d) Who performs under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge; or (e) Who executes under only general supervision special assignments and tasks; and (f) Who is primarily engaged in duties that meet the test of the exemption. . . . (g) Such employee must also earn a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment. . . .

2.      Definitions.  (E) "Employee" means any person employed by

an employer, and includes any lessee who is charged rent, or who pays rent for a chair, booth, or space; and (1) Who does not use his/her own funds to purchase requisite supplies; and (2) Who does not maintain an appointment book separate and distinct from that of the establishment in which the space is located; and (3) Who does not have a business license where applicable. (F) "Employer" means any person as defined in section 18 of the Labor Code, who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person. (G) "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so. (H) "Mercantile Industry" means any industry, business, or establishment operated for the purpose of purchasing, selling, or distributing goods or commodities at wholesale or retail; or for the purpose of renting goods or commodities. . . . (K) "Primarily" as used in Section 1, Applicability, means more than one-half the employee's work time.

62.    Employees who are designated as SNE Managers by Defendant for its warehouses are not "exempt" employees under IWC Wage Orders because:

(a)    Less than fifty percent of their work hours are spent on intellectual, managerial, or creative duties.

(b)    More than fifty percent of their labor hours are spent performing non-exempt duties, including, but not limited to, baking, cleaning and selling merchandise. Costco's non-exempt employees also perform each of these duties on a daily basis.

(c)    SNE Managers do not have discretion or independent judgment within their positions because they must follow comprehensive company-wide policies that govern a warehouse's operations.

(d)    SNE Managers do not set salaries for their department workers, they have limited authority to hire and fire employees, they cannot contract on behalf of the

corporation, and they are strictly prohibited from setting any policy or procedure that may bind or affect Costco in any way.

63.     During their employment with Defendant, Plaintiff and Members of the SNE Manager Class were required to work a minimum of more than forty hours a week, without the payment of overtime wages and other benefits.

64.     Furthermore, Plaintiff and the Members of the SNE Manager Class were regularly and customarily expected to work extra shifts if the turnover rate was high and there were fewer workers than needed.

65.     Typical requirements for a single Costco warehouse were and are that each warehouse must have one SNE Manager for each of its departments.  Because Costco is open for at least ten hours each day, SNE Managers are required to work more than forty hours per week.

66.     Under the provisions of sections 510, 515, 1194, and 1194 of the California Labor Code and 8 California Code of Regulations section 11070, Plaintiff and each employee designated as an SNE Manager should have received overtime wages in a sum according to proof.

67.     By failing to keep adequate time records required by Labor Code section 1174, Defendant has made it difficult to calculate the overtime compensation due Plaintiff and each SNE Manager.

68.     Costco owes Plaintiff and each SNE Manager overtime wages pursuant to sections 510, 515, 1194, and 1198 of the California Labor Code and 8 California Code of Regulations section 11070 according to proof at trial of the hours worked for the period of time from three years prior to the filing of the First Amended Complaint to date.

69.     Costco has failed and refused, and continues to fail and refuse, to pay Plaintiff and Members of the Class the amounts that are owed.  Costco's failure to pay Plaintiff and each SNE Manager who has quit his or her employment with Costco or whose employment has been terminated by Costco violates California Labor Code sections 201 and 202, which therefore subjects Costco to continuing-wages liability

1    pursuant to section 203 of the California Labor Code for the period of time from three

2    years prior to the filing of the Complaint to date.

3         70.    Plaintiff is informed, believes, and thereon alleges that Costco knew or

4    should have known that the salaried non-exempt managers did not qualify as exempt

5    employees and purposely elected not to pay them for their overtime labor.  Moreover,

6    after Costco reclassified certain managers so that they were no longer classified as

7    "exempt" from overtime under California Labor laws, Costco paid them for a limited

8    number of overtime hours per week but pressured them to work additional time, off the

9    clock.

10        71.    Plaintiff, individually and on behalf of others similarly situated, requests

11   payment of overtime compensation according to proof, interest, attorney's fees, and costs

12   pursuant to Labor Code sections 218.5 and 1194(a).

13        72.    Plaintiff and the Class also request relief as described below.

## SECOND CLAIM FOR RELIEF

**(Failure to Provide Accurate Itemized Wage Statements—Only on Behalf of the 226
Class)**

17        73.    The paragraphs of this Complaint are re-alleged and incorporated by

18   reference.

19        74.    At all times herein relevant, section 226 of the California Labor Code and 8

20   California Code of Regulations section 11070 required that employers provide employees

21   with itemized wage statements showing total hours worked.  Moreover, Labor Code

22   section 226(e) provided that, if an employer knowingly and intentionally fails to provide

23   a statement itemizing the total hours worked by the employee, then the employee is

24   entitled to recover the greater of all actual damages or $50 for the initial violation and

25   $100 for each subsequent violation, up to a maximum of $4,000.

26        75.    Costco has knowingly and intentionally failed to furnish Plaintiff and 226

27   Class Members with timely, itemized, hard-copy statements showing the total hours

28   worked by each them or all applicable hourly rates in effect during the pay period and the

corresponding number of hours worked at each hourly rate by the employee. As detailed in the Declaration of CWI Corporate Counsel, Keith Miyahira, the Defendant engaged both Sheppard Mullin and Seyfarth Shaw to advise it in connection with its investigation of the wrongdoing alleged in <u>Randall</u>. MSJ Opposition, 1:24-26 at n.1. Further, given the misstatements of a Senior Costco Executive, John Matthews, with respect to the wage statements, the CWI claim that it "had a good-faith basis to believe it was complying" with the statutory requirements seems to indicate that the Defendant knew exactly what it was doing with respect to its provision or non-provision of compliant wage statements. <u>Id.</u>, 2:2-4. The misrepresentations of John Matthews in his Declaration in support of the settlement of the litigation in <u>Doty v. Costco</u>, as detailed in the MSJ Opposition herein, are sufficient to raise an inference that Costco's misconduct with respect to its wage statements is knowing and intentional. As a result, Costco is liable to Plaintiff and the other 226 Class Members for the amounts provided by Labor Code section 226(e) for the period of time from three years prior to the filing of the Complaint to date.

76.     Plaintiff and the 226 Class request relief as described below.

## THIRD CLAIM FOR RELIEF

### (Failure to Pay Overtime Compensation, Fair Labor Standards Act—Only on Behalf of SNE Managers)

77.     The paragraphs of this Complaint are re-alleged and incorporated by reference.

78.     Again, at all times herein relevant, the FLSA provided:

[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a).

79.     Costco has intentionally and improperly designated certain employees, including Plaintiff and the Members of the Salaried Non-Exempt Class, as "exempt" managers in order to avoid paying overtime wages and other benefits.  Moreover, after Costco reclassified certain managers so that they were no longer "exempt" from overtime under California Labor laws, Costco paid them for some overtime hours but pressured them to work an additional amount off the clock.

80.     During their employment with Costco, Plaintiff and Members of the SNE Class were often required to work more than forty-five hours a week, without the payment of overtime wages and other benefits.

81.     Accordingly, Plaintiff, individually and on behalf of others similarly situated, requests payment of overtime compensation according to proof, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b).

## FOURTH CLAIM FOR RELIEF

### (Failure to Provide Adequate Meal Periods—Only on Behalf of SNE Manager Class)

82.     The paragraphs of this Complaint are re-alleged and incorporated by reference.

83.     At all times herein relevant, section 226.7 of the California Labor Code and 8 California Code of Regulations section 11070 provided that employees must receive a first meal period of not less than thirty minutes before working more than five hours per day and a second meal period of not less than thirty minutes before working more than ten hours per day.

84.     Because Costco failed to provide the required meal breaks to Plaintiff and other SNE Managers, it is liable to them for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code section 226.7 and California Code of Regulations section 11070, for the period of time from the three years prior to the filing of the First Amended

1  Complaint to date.

2      85.    Plaintiff and the SNE Manager Class request relief as described below.

3  ### FIFTH CLAIM FOR RELIEF

4  **(Failure to Provide Adequate Rest Periods—Only on Behalf of SNE Manager Class)**

5      86.    The paragraphs of this Complaint are re-alleged and incorporated by

6  reference.

7      87.    At all times herein relevant, section 226.7 of the California Labor Code and

8  8 California Code of Regulations section 11070 provided that employees must receive

9  rest periods of ten minutes for each four hours of work.

10     88.    Because Costco failed to provide the required rest breaks, it is liable to

11 Plaintiff and other SNE Managers for one hour of additional pay at the regular rate of

12 compensation for each workday that the proper rest periods were not provided, pursuant

13 to Labor Code section 226.7 and California Code of Regulations section 11070, for the

14 period of time from the three years prior to the filing of the Complaint to date.

15     89.    Plaintiff and the SNE Manager Class request relief as described below.

16 ### SIXTH CLAIM FOR RELIEF

17 **(Continuing Wages—Only on Behalf of SNE Manager Class)**

18     90.    The paragraphs of this Complaint are re-alleged and incorporated by

19 reference.

20     91.    At all times herein relevant, Labor Code sections 201 and 202 provided that

21 employees must receive wages earned and unpaid promptly upon termination or

22 resignation.

23     92.    Because Costco has willfully failed to pay wages earned and unpaid

24 promptly upon termination or resignation, Costco is liable for continuing wages under

25 Labor Code section 203 for the period of time from the three years prior to the filing of

26 the Complaint to date.

27     93.    Plaintiff and the SNE Manager Class request relief as described below.

28

## SEVENTH CLAIM FOR RELIEF

### (Violations of Section 17200 *et seq.* of the California Business and Professions Code—on behalf of SNE Manager Class and 226 Class)

94.     The paragraphs of this Complaint are re-alleged and incorporated by reference.

95.     Costco's acts constitute a continuing and ongoing unlawful activity prohibited by section 17200 *et seq.* of the California Business and Professions Code, and they justify restitution.

96.     Labor Code section 90.5(a) articulates the public policy of this State to enforce minimum labor standards vigorously, including the requirements to pay overtime and benefits pursuant to Labor Code sections 510, 515, 1194, and 1198; the requirements to provide accurate itemized wage statements and to keep payroll records pursuant to Labor Code sections 226, 226.3, 1174, and 1174.5; the requirement to provide adequate meal and rest periods pursuant to Labor Code sections 226.7 and 512; and the requirement to pay wages earned and unpaid promptly upon termination or resignation pursuant to Labor Code sections 201 and 202.  Costco's conduct of requiring certain employees to work an excessive amount of hours in the absence of overtime, without providing accurate itemized wage statements, without providing adequate meal and rest periods, and without paying wages earned and unpaid promptly upon termination or resignation directly violates state law, constitutes unfair competition and/or unlawful and unfair acts and practices within the meaning of section 17200 *et seq.* of the California Business and Professions Code.

97.     Through the wrongful and illegal conduct alleged herein, Costco has acted contrary to the public policy of this State.

98.     Costco engaged in unlawful business acts and practices by violating California law, including but not limited to, sections 201, 202, 226, 226.7, 510, 512, 515, 1174, 1194, and 1198 of the California Labor Code and 8 California Code of Regulations section 11070.

99.     Under the provisions of the section 17203 of the California Business and Professions Code, Plaintiff and each employee designated as an SNE Manager should receive restitution for Costco's failure to pay overtime wages, Costco's failure to provide accurate itemized wage statements and to keep payroll records, Costco's failure to provide adequate meal and rest periods, and Costco's failure to provide wages earned and unpaid promptly upon termination or resignation, in a sum according to proof for the period of time from the four years preceding the filing of the First Amended Complaint to date.

100.    Plaintiff is informed, believes, and thereon alleges that Costco knew or should have known that SNE Managers did not qualify as exempt employees and that Costco purposely elected not to pay them for their overtime labor.

101.    As a result of Costco's violations of the UCL, Costco has unjustly enriched itself at the expense of Plaintiff, Class Members, and the general public.

102.    To prevent this unjust enrichment, Defendant should be required to make restitution to Plaintiff and Class Members, as identified in this Complaint (and as will be identified through discovery into Costco's books and records), for the period of time from the four years preceding the filing of the First Amended Complaint to the time of filing the Motion for Class certification.

103.    Plaintiff also requests that the Court enter such orders or judgments as may be necessary to restore to any person in interest any money that may have been acquired by means of such unfair practices, as provided in section 17203 of the California Business and Professions Code.

104.    Plaintiff and Class Members are "persons" within the meaning of section 17204 of the California Business and Professions Code, and each has standing to bring this claim for relief.

105.    (Reserved.)

106.    The conduct of Costco, as alleged herein, has been and continues to be deleterious to Plaintiff, Class Members, and the general public. By this action, Plaintiff

1  seeks to enforce important rights affecting the public interest within the meaning of

2  section 1021.5 of the California Code of Civil Procedure.

3      107.  Pursuant to section 17203 of the California Code of Civil Procedure,

4  Plaintiff, on behalf of herself and all Class Members, requests restitution of all sums

5  obtained by defendants in violation of section 17200 *et seq.* of the California Business

6  and Professions Code for the period of time from the four years preceding the filing of

7  the First Amended Complaint to date.

8      108.  Plaintiff and the Class Members also request relief as described below.

9  **EIGHTH CLAIM FOR RELIEF**

10 **(Retaliation and Wrongful Termination in Violation of Public Policy—on behalf of**

11 **Plaintiff Loretta Apodaca Only)**

12     109.  The paragraphs of this Complaint are re-alleged and incorporated by

13 reference.

14     110.  Under California law, there is a fundamental and well-established public

15 policy against retaliation for opposing unlawful activities, including, but not limited to,

16 complaining about and filing complaints with governmental agencies for labor violations.

17 This fundamental public policy is embodied in the California Constitution and California

18 statutory law, including, but not limited to, California Labor Code section 98.6.  Adverse

19 employment actions taken by an employer in response to such activity are contrary to

20 such public policy and are thus actionable under the common law of California.

21     111.  At all times herein mentioned, California Government Code section 12940

22 was also in full force and effect and was binding on Costco.  The statute requires

23 Defendant to refrain from discriminating against any employee on the basis of a

24 disability, such as Plaintiff's attention deficit disorder.  Plaintiff had previously notified

25 Defendant of her disability and Plaintiff believes, and on that basis alleges that her

26 disability was a motivating factor in Defendant's termination of her employment.

27     112.  As set forth above, Defendant retaliated against Plaintiff, and discriminated

28 against Plaintiff, by terminating her employment.  In terminating Plaintiff for filing a

lawsuit for Defendant's labor law violations and because of her attention deficit disorder, Defendant violated the fundamental public policies embodied in California Labor Code section 98.6 and California Government Code section 12940.

113.   As a proximate result of Defendant's wrongful conduct, Plaintiff has suffered and continues to suffer, substantial losses in earnings and job benefits in an amount to be determined according to proof at the time of trial.

114.   As a further proximate result of Defendant's wrongful conduct, Plaintiff has suffered, and continues to suffer, humiliation, embarrassment, emotional distress, mental anguish, loss of employment and attendant earnings and job benefits, all in an amount to be determined according to proof at the time of trial.

115.   In doing the acts herein alleged, Defendant acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages against Defendant in an amount according to proof at trial.

## NINTH CLAIM FOR RELIEF

### (Civil Penalties Pursuant to the California Labor Code—on behalf of Plaintiff Loretta Apodaca Only)

116.   The paragraphs of this Complaint are re-alleged and incorporated by reference.

117.   Plaintiff is in the process of securing authorization from the State of California to collect civil penalties owing on account of the above-described violations. In this regard, the Labor Code Private Attorneys General Act ("LCPAGA") states:

> . . . [A]ny provision of this code [i.e., the Labor Code] that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

Id. § 2699(a).  Section 2699.3, in turn, states:

> A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met:  (1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation. (2) (A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1).  Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

Id. § 2699.3(a).

118.  As detailed above, Plaintiff contends that Costco has violated sections 201, 202, 203, 204, 226, 226.7, 510, 512, 1174 and 1198 of the California Labor Code.  Each of these sections are listed in section 2699.5 of the LCPAGA.  Likewise, each of these sections has a civil penalty associated with its violation.  See id. §§ 210(a) (setting the civil penalty for violations of section 204), 226.3 (setting the civil penalty for violations of section 226), 558 (setting the civil penalty for violations of section 226.7, 510, 512, and 1198 of the Labor Code), 2699(f) (establishing a civil penalty "[f]or all provisions of this code except those for which a civil penalty is specifically provided").

119.  On October 12, 2012, Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Costco of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories specified in this Complaint.

120.   On November 5, 2012 the LWDA sent a certified letter stating that it will not investigate Plaintiff's claims.  Therefore, Plaintiff "may as a matter of right amend [the] existing complaint to add a cause of action arising under this part within 60 days."  Id. § 2699.3(a)(2)(C).

121.   Pursuant to section 2699 of the LCPAGA, Plaintiff is entitled to seek civil penalties for Costco's violations of sections 201, 202, 203, 204, 226, 226.7, 510, 512, 1174 and 1198 of the California Labor Code.  Those amounts are to be distributed as follows:  "75 percent to the [LWDA] for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code, . . . and 25 percent to the aggrieved employees."  Id. § 2699(i).  Plaintiff is also entitled to an award of attorney's fees and costs.  See id. §2699(g)(l) (stating that "[a]ny employee who prevails in any civil action shall be entitled to an award of reasonable attorney's fees and costs.")

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

**As to the First Claim for Relief:**

1.   For compensatory damages in an amount according to proof at time of trial representing the amount of unpaid overtime compensation owed to Plaintiff and Members of the SNE Manager Class for the period of time from the three years prior to the filing of the First Amended Complaint to date.

2.   For interest calculated according to law on any overtime compensation due from the day such amounts were due for the period of time from the three years prior to the filing of the First Amended Complaint to date.

3.   For reasonable attorney's fees and costs of bringing this suit pursuant to sections 218.5 and 1194(a) of the Labor Code.

**As to the Second Claim for Relief:**

4.   For compensatory damages in an amount according to proof at time of trial for not providing accurate itemized wage statements to Plaintiff and Members of the 226

Class for the period of time from the three years prior to the filing of the First Amended Complaint to date.

5.     For reasonable attorney's fees and the costs of bringing this suit pursuant to section 226(e) of the California Labor Code.

**As to the Third Claim for Relief:**

6.     For compensatory damages in an amount according to proof at time of trial representing the amount of unpaid overtime compensation owed to Plaintiff and Members of the Collective Action for the period of time from three years prior to the filing of the First Amended Complaint to date.

7.     For liquidated damages pursuant to 29 U.S.C. § 216(b).

8.     For attorney's fees and the costs of bringing this suit pursuant to 29 U.S.C. § 216(b).

**As to the Fourth Claim for Relief:**

9.     For compensatory damages in an amount according to proof at time of trial representing the amount of unpaid compensation owed to Plaintiff and Members of the Class for inadequate meal periods for the period of time from the three years prior to filing the First Amended Complaint to date.

10.    For interest calculated according to law on any unpaid compensation due from the day such amounts were due for inadequate meal periods for the period of time from three years prior to filing the First Amended Complaint to date.

11.    For reasonable attorney's fees and the costs of bringing this suit pursuant to section 218.5 of the California Labor Code.

**As to the Fifth Claim for Relief:**

12.    For compensatory damages in an amount according to proof at time of trial representing the amount of unpaid overtime compensation owed to Plaintiff and Members of the Class for inadequate rest periods for the period of time from the three years prior to filing the First Amended Complaint to date.

13.    For interest calculated according to law on any overtime compensation due

from the day such amounts were due for inadequate rest periods for the period of time from the three years prior to filing the First Amended Complaint to date.

14.    For reasonable attorney's fees and the costs of bringing this suit pursuant to section 218.5 of the California Labor code sections 218.5.

**As to the Sixth Claim for Relief**:

15.    For wages pursuant to California Labor Code section 203 for each instance of the willful failure to pay wages.

16.    For reasonable attorney's fees and the costs of bringing this suit pursuant to section 218.5 of the California Labor Code.

**As to the Seventh Claim for Relief**:

17.    (Reserved)

18.    For an order that Costco pay restitution of sums to Plaintiff and to each SNE Manager for Costco's past failure to pay overtime wages, withholding taxes, matching funds, Social Security, Medicare, Unemployment, and Worker's Compensation premiums in violation of section 17200 *et seq.*, in an amount according to proof, for the period of time from the four years prior to the filing of the First Amended Complaint to date.

19.    For an order that Costco pay restitution of sums to Plaintiff and to each SNE Manager for Costco's past failure to provide accurate itemized wage statements and to keep payroll records in violation of section 17200 *et seq.*, in an amount according to proof, for the period of time from the four years prior to the filing of the First Amended Complaint to date.

20.    For an order that Costco pay restitution to Plaintiff and to each SNE Manager for Costco's past failure to provide adequate meal and rest periods in violation of section 17200 *et seq.*, in an amount according to proof, for the period of time from the four years prior to the filing of the First Amended Complaint to date.

21.    For an order that Costco pay restitution to Plaintiff and to each SNE Manager for Costco's past willful failure to pay wages earned and unpaid promptly upon

termination or resignation in violation of section 17200 *et seq.*, in an amount according to proof, for the period of time from the four years prior to the filing of the First Amended Complaint to date.

**As to the Eighth Claim for Relief:**

22. For an order that Plaintiff be awarded damages, exemplary and punitive damages, attorneys' fees and costs, all according to proof.

**As to the Ninth Claim for Relief:**

23. For the Court to enter judgment in favor of Plaintiff and award civil penalties, attorney's fees and costs of suit all according to proof, pursuant to section 2699(g) of the California Labor Code.

**As to All Claims for Relief:**

24. For such other and further relief as this Court may deem fit and proper. Plaintiff requests a trial by jury as to all claims for relief.

DATED:  November 27, 2012                           HARRIS & RUBLE

Alan Harris
*Attorneys for Plaintiff*

FIRST AMENDED COMPLAINT

# Exhibit 1



To:     LA District 1 Managers

From:   Shawn Parks

Re:     Payroll in 2002

Date:   September 17, 2001


Regrettably I need to instill a different mindset in many of you regarding payroll this year.  Of course we need to make our Original Budgets in both sales and payroll.  To that end, I want you to lock in your numbers on the Monday Managers Report to reflect the Original Budget.  Then if you overspend as so many of you did in week 1, I expect you to reduce your payroll dollars in weeks 2, 3 and 4 to offset what was overspent in week 1.  If your sales are slightly down, I expect the same payroll percentage.  If your sales are significantly down, I expect significant payroll dollar reductions in your plan.

Pay attention.  Be aggressive.  Start the year off right.


CONFIDENTIAL

CGR 009000

# Costco Wholesale

To:     Warehouse Manager

From:   Shawn Parks

Re:     Week 2, Memo 2

Date:   September 4, 2002

What do you not understand?
Jim, Dennis, and Bruce are already very disappointed in your Controllable Expense
Performance last year.  **Do not** start this year off in the same fashion.  Half of you
completely blew last week, pretty much the same group who blew week 1.  Your manager
reports are not reflecting any reduction in weeks 3 and 4 to compensate.  Resubmit new
numbers today.

----------------------------------------------------------------------------------

I acknowledge the need to cut _____ in weeks 3 and 4.
My new plan for week 3 is _____ and week 4 _____.

CONFIDENTIA

CGR 009001

# Exhibit 2

Paperless Pay | My Other Sites    My Other Solutions          Hide Screen                    LORETTA APODACA | My Account | Log Out



Alerts and Settings | Help | May 01, 2012
English  Español  Français

Main Menu        PayStubs        Timecards    More

## PayStubs

Pay History    **PayStub Details**    PayStub Comparison

Print

**Pay Date:** 04/01/2011 - Bi-weekly                                    Direct Pay Stub >

Costco Wholesale Corporation                    LORETTA APODACA
999 LAKE DRIVE                                  9025 MAPLESIDE ST
ISSAQUAH, WA 98027-8990                         BELLFLOWER, CA 90706
(425)313-8100

| Employee Number | 414166 | Period Begin Date | 03/14/2011 |
|---|---|---|---|
| Loc/Dept. | 00410 062 | Period End Date | 03/27/2011 |
| Job Title | MGR-BAKERY - NON-EXEMPT | Pay Advice # | 27814942 |
| | | Pay Frequency | Bi-weekly |

Expand All    Collapse All

| Taxes | State Codes | Marital Status | Allowances | Additional $ Amounts | Local Codes |
|---|---|---|---|---|---|
| Federal | | Married | 3 | | Loc 1: |
| Primary State | CA | Married | 3 | 25.00 | Loc 2: |
| Secondary State | | | 0 | 25.00 | Loc 3: |
| Local | | | 0 | | Loc 4: |

| Messages |
|---|
| Pre-tax deductions are now listed separately from after-tax Beginning with the July 22nd paystub, pre-tax deductions will be in a new section and the "Summary" table will have a new column entitled "Taxable Wages." Paystubs prior to July 22nd will NOT have these enhancements, meaning all deductions will still be combined in the "After-Tax Deductions" section. |

| Earnings | Hours | Hours YTD | Dollars | Dollars YTD |
|---|---|---|---|---|
| REGULAR PAY | 64.00 | 481.07 | $1,777.52 | $12,805.63 |
| OVERTIME | 20.65 | 101.70 | $860.28 | $4,238.84 |
| FLOATING HOLIDAY - SALARIED EMPLOYEE | 8.00 | 32.00 | $222.19 | $888.76 |
| VACATION PAY/NON-EXEMPT SALARIED VACATION OR FLOAT OVERTIME | 1.00 | 40.00 | $41.66 | $1,222.04 |
| HOLIDAY PAY - OBSERVED | | 24.00 | $0.00 | $688.57 |
| DOUBLETIME | | 0.13 | $0.00 | $7.22 |
| **Total Earnings :** | 93.65 | 658.90 | $2,901.65 | $19,827.06 |
| **Pre-Tax Deductions** | | | Dollars | Dollars YTD |
| **Total Pre-Tax Deductions:** | | | $0.00 | $0.00 |
| **Taxes** | | | Dollars | Dollars YTD |
| MEDICARE - EMPLOYEE | | | $40.85 | $279.13 |
| FICA - EMPLOYEE | | | $118.34 | $808.53 |
| STATE WITHHOLDING | | | $85.91 | $580.57 |
| STATE DISABILITY | | | $33.68 | $230.10 |
| FEDERAL WITHHOLDING | | | $273.22 | $1,863.98 |
| **Total Taxes :** | | | $552.00 | $3,762.31 |
| **After-Tax Deductions** | | | Dollars | Dollars YTD |
| 401E | | | $203.12 | $1,274.10 |
| 8542 | | | $20.00 | $137.00 |
| 8550 | | | $75.00 | $515.00 |
| EMPLOYEE FUND | | | $3.00 | $21.00 |
| **Total After-Tax Deductions:** | | | $301.12 | $1,947.10 |
| **Net Pay** | | | Dollars | Dollars YTD |
| **Total Net Pay :** | | | $2,048.53 | $14,117.65 |

| Other Benefits & Information | | | Dollars | Dollars YTD |
|---|---|---|---|---|
| TAXLIFE | | | 10.80 | 75.60 |

Leave Balance Summary

| Vac/Sick/Goal Hours | Beginning Balance | Current Pay Period Activity | Ending Balance |
|---|---|---|---|
| FLOATING | 24.00 | 8.00 | 16.00 |
| VACATION | 180.00 | 0.00 | 180.00 |

5/1/2012 1

| Summary | Earnings | Less Taxes | Less Deds | Equals Net Pay |
|---|---|---|---|---|
| This Period | $2,901.65 | $552.00 | $301.12 | $2,048.53 |
| YTD | $19,827.06 | $3,762.31 | $1,947.10 | $14,117.65 |

**Pay Distribution List**

| Description | Type | Amount | Account # | Bank |
|---|---|---|---|---|
| Account <...7042> | Checking or Money Market | $2,048.53 | <...7042> | U.S. Bank National Association |

Next Pay Stub >

Copyright © 2010 TALX Corporation. All rights reserved.

Hide Screen

Privacy Policy  |  Terms and Conditions

5/1/2012 12.

**PROOF OF SERVICE**

I am a resident of the State of California, am over the age of eighteen years, and am not a party to the within action. My business address is Harris & Ruble, 6424 Santa Monica Boulevard, Los Angeles, California 90038. On November 27, 2012, I served the within document(s):   **FIRST AMENDED COMPLAINT**

I caused the **FIRST AMENDED COMPLAINT** to be delivered by email to:

>   David Kadue
>   Seyfarth Shaw LLP
>   2029 Century Park East, Suite 3500
>   Los Angeles, CA 90067
>   dkadue@seyfarth.com
>
>   Emily Schroeder
>   Seyfarth Shaw LLP
>   333 South Hope Street, Suite 3900
>   Los Angeles, CA 90071
>   eschroeder@seyfarth.com

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the foregoing document(s) would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

>   David Kadue
>   Seyfarth Shaw LLP
>   2029 Century Park East, Suite 3500
>   Los Angeles, CA 90067
>
>   Emily Schroeder
>   Seyfarth Shaw LLP
>   333 South Hope Street, Suite 3900
>   Los Angeles, CA 90071

I declare under penalty of perjury that the above is true and correct.  Executed on November 27, 2012, at Los Angeles, California.

Priya Mohan

1

PROOF OF SERVICE OF FIRST AMENDED COMPLAINT