|  |  |
|---|---|
| 1 | HARRIS & RUBLE |
| 2 | Alan Harris (SBN 146079) |
|   | aharris@harrisandruble.com |
| 3 | Priya Mohan (SBN 228984) |
|   | pmohan@harrisandruble.com |
| 4 | 6424 Santa Monica Boulevard |
|   | Los Angeles, California 90038 |
| 5 | Telephone: (323) 962-3777 |
|   | Facsimile: (323) 962-3004 |

Attorneys for Plaintiff
LORETTA APODACA

SEYFARTH SHAW LLP
Kenwood C. Youmans (SBN 68258)
kyoumans@seyfarth.com
David D. Kadue (SBN 113578)
dkadue@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

*Continued on signature page*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| LORETTA APODACA, individually and on behalf of all others similarly situated, | Case No. CV12-5664 DSF (Ex) |
|---|---|
| Plaintiffs, | [~~PROPOSED~~] PROTECTIVE ORDER |
| v. | Complaint Filed: May 17, 2012 |
| COSTCO WHOLESALE CORPORATION and DOE 1 through and including DOE 100, |  |
| Defendants. |  |

15435514v.1

MEHTA LEGAL
Sachin R. Mehta (SBN 223572)
sachin@mehtalegal.com
Jessica D. Lew (SBN 225459)
jessica@mehtalegal.com
3400 Airport Avenue, Suite 20
Santa Monica, California 90405
Telephone: (310) 390-1200
Facsimile (310) 390-1300

Attorneys for Plaintiff
LORETTA APODACA

SEYFARTH SHAW LLP
Emily E. Schroeder (SBN 274257)
eschroeder@seyfarth.com
333 South Hope Street, Suite 3900
Los Angeles, California 90071-1406
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

15435514v.1

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate for entry of a Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

2. **DEFINITIONS**

2.1   Party: any party to this action, including any party's officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure of Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, photographs, videos, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).

2.4   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5   Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6   Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

1

15435514v.1

2.7   Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

2.8   Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9   House Counsel: attorneys who are employees of a Party.

2.10  Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.11  Expert: a person or business entity, including its employees and subcontractors, with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party's competitor and who, at the time of retention, has no pending application or offer to become an employee of a Party's competitor. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    **DURATION**

The Court's jurisdiction to enforce the terms of the Order shall continue for six (6) months after the final conclusion of all aspects of the litigation. Nonetheless, the parties agree to abide by the confidentiality obligations imposed by this Order, which

15435514v.1

shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. To the extent reasonably possible, each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

The parties agree that, where it would be not cost effective to review every document for confidentiality issues, the parties may designate an entire group of documents as confidential, including but not limited to in the case of mass e-mail or internal document production. If the opposing party, upon review, feels that a particular document is not properly confidential, he or she may confer with the Designating Party, which shall withdraw the designation if warranted. Absent agreement, the parties may seek Court relief as provided herein.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or

1 portions thereof, qualify for protection under this Order, then, before producing the
2 specified documents, the Producing Party must affix the appropriate legend
3 ("CONFIDENTIAL") on each page that contains Protected Material.
4   (b) for testimony given in deposition or in other pretrial or trial proceedings,
5 that the Party or non-party offering or sponsoring the testimony identify on the record,
6 before the close of the deposition, hearing, or other proceeding that the deposition
7 contains confidential information.
8   (c) for information produced in some form other than documentary, and for
9 any other tangible items, that the Producing Party affix in a prominent place on the
10 exterior of the container or containers in which the information or item is stored the
11 legend "CONFIDENTIAL."
12   5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent
13 failure to designate qualified information or items as "Confidential" does not, standing
14 alone, waive the Designating Party's right to secure protection under this Order for
15 such material. If material is appropriately designated as "Confidential" after the
16 material was initially produced, the Receiving Party, on timely notification of the
17 designation, must make reasonable efforts to assure that the material is treated in
18 accordance with the provisions of this Order.

19 **6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**
20   6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's
21 confidentiality designation is necessary to avoid foreseeable substantial unfairness,
22 unnecessary economic burdens, or a later significant disruption or delay of the
23 litigation, a Party does not waive its right to challenge a confidentiality designation by
24 electing not to mount a challenge promptly after the original designation is disclosed.
25   6.2 Meet and Confer. A Party that elects to initiate a challenge to a
26 Designating Party's confidentiality designation must do so in good faith and must
27 begin the process by conferring directly with counsel for the Designating Party. In
28 conferring, the challenging Party must explain the basis for its belief that the

1 confidentiality designation was not proper and must give the Designating Party an
2 opportunity to review the designated material, to reconsider the circumstances, and, if
3 no change in designation is offered, to explain the basis for the chosen designation. A
4 challenging Party may proceed to the next stage of the challenge process only if it has
5 engaged in this meet and confer process first.

6      6.3    Judicial Intervention. If a Party elects to press a challenge to a
7 confidentiality designation, after considering the justification offered by the
8 Designating Party (or the Designating Party has failed to meet and confer after repeated
9 requests), the parties will jointly contact the Court to resolve the challenge, or if the
10 Designating Party declines to participate in jointly contacting the Court, the
11 challenging Party may move ex parte to bring the issue before the Court. Until the
12 Court rules on the challenge, all parties shall continue to afford the material in question
13 the level of protection to which it is entitled under the Producing Party's designation.

14 **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

15      7.1    Basic Principles. A Receiving Party may use Protected Material that is
16 disclosed or produced by another Party or by a non-party in connection with this case
17 only for prosecuting, defending, or attempting to settle this litigation. Such Protected
18 Material may be disclosed only to the categories of persons and under the conditions
19 described in this Order. When the litigation has been terminated, a Receiving Party
20 must comply with the provisions of section 11, below (FINAL DISPOSITION).

21     Protected Material must be stored and maintained by a Receiving Party at a
22 location and in a secure manner that ensures that access is limited to the persons
23 authorized under this Order.

24      7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise
25 ordered by the court or permitted in writing by the Designating Party, a Receiving
26 Party may disclose any information or item designated CONFIDENTIAL only to:

27
28

15435514v.1

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions and in preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) ~~the author or any recipient of the document or the original source of the information; and~~

(h) any Party, who then shall have all the rights and duties of a Receiving Party.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

15435514v.1

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

**10.   FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after a joint conference call with the magistrate judge, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the Local Rules. In addition to placing documents in a sealed envelope with instructions that the document is filed pursuant to the Stipulated Protective Order and that the envelope is not to be opened absent further order of the court, the envelope should be labeled to identify the title of the case, the case number, and the title of the document.

15435514v.1

## 11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above. The Court's jurisdiction to enforce the terms of the Order shall continue for six (6) months after the final conclusion of all aspects of the litigation.

## 12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

. . .

. . .

15435514v.1

1  Stipulated Protective Order. Similarly, no Party waives any right to object on any
2  ground to use in evidence of any of the material covered by this Protective Order.
3
4  **IT IS SO ORDERED.**
5
6
7  Dated: 4/8/13                                    _____
8                                                   HON. CHARLES F. EICK
                                                    UNITED STATES DISTRICT COURT
                                                    MAGISTRATE JUDGE
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

15435514v.1

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in or about March 2013, in the case of *Apodaca v. Costco Wholesale Corporation.*, Case No. CV12-5664 DSF (Ex). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint Alan Harris of Harris & Ruble, 6424 Santa Monica Blvd., Los Angeles, CA 90038, telephone: (323) 962-3777, as my agent for service of process in connection with this action or any proceeding related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

15435514v.1